GONZÁLEZ, DEMANDANTE Y APELANTE, v. ACHA ET AL.,
DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Sección 1ª., en un caso sobre retracto legal de comuneros.

No. 1062.—Resuelto en julio 9, 1914.

RETRACTO LEGAL DE COMUNEROS—CONSIGNACIÓN DEL PRECIO DE LA VENTA—SU
ALEGACIÓN EN LA DEMANDA.—La Ley de Enjuiciamiento Civil que rigió en
esta isla desde 1886 no ha sido derogada por el Código de Enjuiciamiento
Civil de 1904 en cuanto aquélla exige que para ejercitar la acción de retracto
legal de comuneros debe el retrayente consignar el precio de la venta en el
tribunal que conozca del juicio, cuyo hecho debe alegarse en la demanda,
sin lo cual no aduce causa de acción.

ID.—CONSIGNACIÓN DEL PRECIO DE LA VENTA—REQUISITOS DE DICHA CONSIGNA-
CIÓN.—Para tal consignación no hay que seguir los trámites que el Código
Civil señala para que la consignación de la cosa debida produzca los efectos
del pago.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. Herminio Díaz Navarro.*
Abogado de los apelados: *Sr. Manuel F. Rossy.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tri-
bunal.

Se trata en este caso de un pleito sobre retracto legal de
comuneros y la cuestión a resolver es si para ejercitar esa
acción es necesario consignar el precio de la venta, en qué
forma ha de consignarse y si la demanda debe alegar tal con-
signación para que sea suficiente.

La demanda inicial de este pleito alega, entre otras cosas,
que enterado el demandante Don Isaac González Martínez
de la venta al demandado Don Antonio Acha del condominio
que intenta retraer, se avistó con el demandado y manifes-
tándole que quería hacer uso de su derecho al retracto le
ofreció con tal fin los $7,000 que pagó y el importe de los
gastos del contrato y cualquier otro gasto legítimo hecho
para la venta y de los gastos necesarios y útiles hechos para
la cosa vendida, y habiéndose el Señor Acha negado a reci-

bir el precio y lo demás ofrecido y a verificar la retroventa
el demandante consignó en depósito en poder de su notario
dicha cantidad a disposición de la sección 1ª. de la Corte de
Distrito de San Juan, y que ha estado y está dispuesto a su-
brogarse en el lugar y grado de los esposos demandados en
cuantos derechos y obligaciones adquirieron en la compra
del condominio objeto del pleito.

El derecho de retracto legal se hallaba regulado en nues-
tras leyes históricas por la ley 55, título 5º., de la partida 5ª.,
según la cual quien tenga alguna cosa en común, aunque no
se halle dividida, puede venderla a los que tengan en ella
participación o a un extraño, pero si alguno de los que tienen
parte en ella quisiere dar tanto como el extraño aquél debe
tenerla antes que el extraño.   Por la ley 75 de Toro se dis-
puso que si alguno vendiere parte de una heredad que tenga
en común con otro, según lo dispuesto en la Ley de Partidas,
estará obligado el que la quisiere retraer a consignar el precio.

Posteriormente la Ley de Enjuiciamiento Civil española
de 1856, exigió por el artículo 674 entre otros requisitos nece-
sarios para dar curso a una demanda de retracto, que se con-
signara el precio si era conocido y si no lo fuere, que se dé
fianza de consignarlo luego que lo sea; artículo que fué repro-
ducido por el 1618 de la Ley de Enjuiciamiento Civil española
de 3 de febrero de 1881 y por el 1616 de la que empezó a regir
en Puerto Rico en 1º. de enero de 1886.

En tal estado la legislación sobre esta materia, se publicó
el Código Civil español, que en Puerto Rico empezó a regir
en 1890, el que por su artículo 1518, que aunque está com-
prendido en la sección de retractos convencionales es apli-
cable a los legales por disponerlo así el artículo 1525, declaró
que no se podrá hacer uso del derecho de retracto sin reem-
bolsar al comprador el precio de la venta, y, además, los gas-
tos del contrato y cualquier otro pago legítimo hecho para
la venta y los gastos necesarios y útiles hechos en la cosa
vendida.

Así, pues, en relación el Código Civil con la Ley de Enjuiciamiento Civil vigente entonces, era necesario para que el retracto tuviera lugar no solamente reembolsar o pagar el precio y los demás gastos a que se refería el Código Civil, sino también consignar el precio, de acuerdo con la Ley de Enjuiciamiento Civil para que se pudiera dar curso a la demanda.

El Código Civil español fué sustituído en esta Isla por el Código Civil Revisado de 1902, que es una reproducción del anterior, salvo pequeñas modificaciones y que copió íntegramente los preceptos sobre retracto, exigiendo el artículo 1421 lo mismo que el 1518 del código anterior. Cuando el Código Civil Revisado de 1902 se publicó y entró en vigor, regía aun en Puerto Rico, en cuanto a retractos, la Ley de Enjuiciamiento Civil española; y como después en el año 1904 se publicó el Código de Enjuiciamiento Civil, surge ahora la cuestión que motiva este recurso de si sigue siendo necesaria para los juicios de retracto la consignación que antes se exigía por la Ley de Enjuiciamiento Civil.

Es indudable que el Código Civil tanto el español como el Revisado lo único que exigen es el reembolso del precio y de otros gastos que en la misma se mencionan y no contiene disposición alguna que exija, la consignación, la cual según las sentencias del Tribunal Supremo de España de 31 de diciembre y 16 de octubre de 1906 se requería no porque lo exigiera el Código Civil sino de acuerdo con el artículo 1618 de la Ley de Enjuiciamiento Civil, y por tanto si éste no está hoy en vigor en Puerto Rico no es necesaria la consignación.

El Código de Enjuiciamiento Civil de 1904 no fué tan amplio que abarcara todos los procedimientos y por su sección 361 solamente se derogaron las leyes, reales decretos, órdenes, órdenes militares, disposiciones o parte de ellas que estuvieran en conflicto o fueren incompatibles con el nuevo código, y como no encontramos en él disposición alguna que esté en conflicto o contradiga la de la ley anterior sobre consignación en los retractos, tenemos que llegar a la conclusión de que

aun continúa en vigor en este particular y es por tanto necesaria la consignación para poder ejercitar la acción de retracto. Para mayor claridad de que no fueron derogados todos los procedimientos que contenía la Ley de Enjuiciamiento Civil antigua, encontramos el hecho de que cuando en 1905 se dictó la Ley sobre Procedimientos Legales Especiales, que regula algunos de los que estaban incluídos en la antigua ley procesal, expresamente se resolvió en tal ley que derogaba todas las anteriores que la contradigan, pero deja en vigor los procedimientos especiales establecidos por el Código Civil, la Ley Hipotecaria y su reglamento y en cualquier otra ley en cuanto no estuviere previsto por ella, y como no puede caber duda de que los juicios sobre retracto tenían un procedimiento especial, en cuanto exigen para darles curso determinados requisitos como el de la consignación que no se exige en los juicios ordinarios, podemos también en vista de este hecho, sostener que la consignación exigida por la Ley de Enjuiciamiento Civil anterior está vigente después de publicado el Código de Enjuiciamiento Civil de 1904.

Tal consignación no la reguló sin duda alguna el Código Civil porque ya era exigida desde la ley de Toro y luego por la Ley de Enjuiciamiento Civil, y se comprende que tal consignación debe ser necesaria porque concediendo la ley para retractos solamente nueve días, el que ejercita la acción debe tener el dinero pronto en ese tiempo y para evitar que se hagan falsos ofrecimientos de pagar y que en realidad no exista el dinero cuando llega el momento de cumplirse una sentencia que declare el retracto.

Habiendo llegado a la conclusión anterior, veamos ahora cómo debe hacerse la consignación, ya que el demandante la hizo en este caso en poder de su notario, según alega la demanda, y porque algunos entienden que debe hacerse por los trámites establecidos para la consignación de cantidades debidas a fin de quedar liberada la deuda.

Entendemos que la consignación debe verificarse entregando en el tribunal que conozca del juicio el dinero que im-

porta el precio, ya que solamente de esta manera puede darse cumplimiento al precepto de esa ley (artículo 1619) preceptiva de que el juez mandará a hacer el depósito de la cantidad consignada en el establecimiento público destinado al efecto. Esta disposición de la ley es lo suficientemente clara para conocer la manera de hacer la consignación, por lo cual los artículos contenidos en el Código Civil respecto a la consignación en los casos que es necesaria para que produzca los efectos del pago, no son aplicables a la consignación que se exige para las demandas de retracto, en las que tampoco se necesita ofrecer el precio antes de acudir al tribunal, pues no lo exige la ley que ordena la consignación.

Así pues, siendo la consignación necesaria, es indispensable que en la demanda se alegue que se consigna el dinero porque de otro modo la falta de esa alegación será suficiente para estimar que no aduce hechos que determinen causa de acción; y como la demanda en este caso no alega que se haya hecho la consignación de los $7,000 que son el precio de la venta que se intenta retraer, es indudable que por este fundamento debe sostenerse la sentencia apelada que declaró sin lugar la demanda.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.

El Juez Asociado Sr. Hutchison no formó parte del tribunal en la vista de este caso.