## Benítez, Demandante y Apelado, v. Díaz, Demandado y Apelante.

## Apelación procedente de la Corte de Distrito de Humacao en pleito sobre retracto legal.

### No. 2189.—Resuelto en junio 25, 1920.

Retracto Legal—Demanda de Retracto.—No es necesario acompañar a la demanda de retracto justificación alguna del título en que se funda la acción, pues el artículo 1616 de la Ley de Enjuiciamiento Civil española que exigía tal requisito ha sido derogado por el Código de Enjuiciamiento Civil vigente.

Id.—Heredero.—Una persona que compró la participación proindivisa de un comunero en cierta finca no puede resistir el retracto entablado por otro de los comuneros, bajo la alegación de no ser extraño por ser heredero de su esposa difunta, que fué también comunera y ejercer patria potestad sobre una de las hijas habidas en el matrimonio, pues la declaratoria de herederos abintestado de la esposa se hizo únicamente a favor de las hijas y la patria potestad sobre una de ellas no le dá el carácter de heredero.

Id.—Retracto Sucesorio y de Comuneros.—Cuando no se trata de retraer derechos hereditaros vendidos por un heredero, sino una participación dominical en determinada finca poseída en común, no es de aplicación el artículo 1034 del Código Civil que regula el retrato sucesorio sino el 1425 que regula el de comuneros.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. L. Llorens Torres.*

Abogado del apelado: *Sr. F. González.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

El demandante José J. Benítez Díaz radicó demanda en la Corte de Distrito de Humacao con fecha 20 de junio de 1918 contra el demandado José A. Díaz Gómez sobre retracto legal y en ella alega como hechos determinantes de su acción los siguientes:

Que es dueño en común proindiviso con Enriqueta Longpré y Ana María Díaz Longpré de la finca ''Piedra Hueca'' que se describe en la demanda.

Que por escritura de 12 de junio de 1918 ante el notario Luis Pereyó Quiñones el márshal de la Corte de Distrito de Humacao, representando a la condueña Enriqueta Longpré, declarada incapaz por resolución judicial, vendió al demandado José A. Díaz Gómez la participación indivisa equiva-

lente a una octava parte, que le correspondía en la finca "Piedra Hueca," por el precio alzado de $5,550.

Que el demandante haciendo uso del retracto legal está dispuesto a subrogarse con las mismas condiciones estipuladas en el contrato en lugar del demandado y también está dispuesto a reembolsar a éste, no sólo el precio de la venta, sino también los gastos del contrato y cualquier otro pago legítimo originado por la venta y los gastos necesarios y útiles hechos en la cosa vendida.

Que el demandante ha consignado el día 20 de junio de 1918 en la Corte de Distrito de Humacao los $5,550 precio de la venta y $30 más que calcula como costo legal máximo de los gastos del contrato de compraventa.

Y que el demandante se compromete a no vender la participación objeto del pleito durante cuatro años.

Termina la demanda con la súplica de que sea declarada con lugar y se condene al demandado a otorgar la correspondiente escritura a favor del demandante de la participación de la finca "Piedra Hueca," dejando a su disposición el dinero consignado, y de no hacerlo dentro del término que fije la corte se otorgue por el márshal dicha escritura, con costas, desembolsos y honorarios de abogado al demandado.

A la anterior demanda opuso el demandado la excepción previa de no aducir hechos suficientes para constituir una causa de acción, cuya excepción fué declarada sin lugar.

El demandado entonces contestó la demanda, aceptando unos hechos, negando otros y alegando además que no siendo ⸍ demandante heredero de Enrique Nerón Longpré, a cuyo nombre aun estaba inscrita en el registro de la propiedad la finca "Piedra Hueca," ni de su viuda doña Carlota Benítez, carecía de derecho de retracto para subrogarse en lugar del demandado en la participación que éste había adquirido de dicha finca.

Celebrado el juicio la corte dictó sentencia en 2 de mayo de 1919 declarando con lugar la demanda, estableciendo como conclusiones de hecho y de derecho que el demandante ha

probado los hechos fundamentales de su acción y que examinados esos hechos a la luz de los preceptos de los artículos 1424 y siguientes del Código Civil no cabe duda alguna de que tiene derecho al retracto que solicita puesto que el demandado José A. Díaz Gómez es un extraño en la finca "Piedra Hueca" y el demandante presentó su demanda dentro del término legal, cumpliendo con todos los requisitos legales.

De dicha sentencia apeló el demandado, y para sostener el recurso alega los siguientes motivos:

(a) Que la corte cometió error al desestimar la excepción previa interpuesta contra la demanda por no haber dado cumplimiento al artículo 1618 (debe ser el 1616) de la Ley de Enjuiciamiento Civil Española que antes regía, en cuanto exige que se acompañe a la demanda de retracto alguna justificación, aun cuando no sea cumplida, del título en que se funda el retracto.

(b) Que la corte erró al decidir que el demandado es un extraño a la herencia de Enrique Nerón Longpré.

(c) Que la corte erró al resolver que se trata de un retracto de comuneros, en vez de un retracto sucesorio, aplicando así indebidamente el artículo 1425 del Código Civil y dejando de aplicar el artículo 1034 del mismo código.

En cuanto al primer error apuntado estimamos que la demanda contiene todas las alegaciones necesarias para ejercitar la acción de retracto. No era necesario acompañar a la demanda justificación alguna del título en que se funda el retracto, pues el precepto de la Ley de Enjuiciamiento Civil Española atinente a ese particular ha sido derogado por el nuevo sistema de enjuiciar establecido por el Código Procesal vigente, cuyos preceptos relativos a las formalidades de la demanda en un caso como el presente, comprendidos en los artículos 103 y 125 de dicho código, han tenido exacto cumplimiento. .

El artículo 1616 de la antigua Ley de Enjuiciamiento Civil guardaba congruencia con el 503 del mismo código, preceptivo de que se acompañara a toda demanda o contestación

el documento o documentos en que la parte interesada fundaba su derecho. Ese artículo ya no es de aplicación obligatoria, pues la práctica de las pruebas se reserva ordinariamente para el acto del juicio.

Ciertamente que en el caso de *González* v. *Acha,* 21 D. P. R. 134, sostuvimos que la consignación exigida por la Ley de Enjuiciamiento Civil anterior está vigente después de publicado el Código de Enjuiciamiento Civil de 1904, por las razones que entonces expresamos, pero esas razones no abonan la contención del apelante.

Por lo que atañe al segundo error, debemos dejar consignados los siguientes hechos aceptados entre otros por estipulación de las partes y que transcribimos literalmente:

"1. Que don Enrique Nerón Longpré falleció intestado en Vieques en el año 1900, habiendo dejado bienes muebles e inmuebles sujetos a partición entre sus herederos; y que la finca Piedra Hueca descrita en la demanda pertenecía al referido Sr. Longpré en la fecha de su muerte y es una de las propiedades inmuebles quedadas a su fallecimiento.

"2. Que después de la muerte intestada de dicho Sr. don Enrique Nerón Longpré la Honorable Corte de Distrito de Humacao declaró únicos y universales herederos de dicho finado a su viuda doña Carlota Benítez y a sus hijas nombradas María, Enriqueta, Cecilia y Carlota, apellidadas Longpré y Benítez, únicas hijas habidas en su matrimonio con la expresada doña Carlota Benítez.

"3. Que la heredera Carlota Longpré Benítez siendo casada en únicas nupcias con el demandado José A. Díaz Gómez, falleció intestada en 26 de mayo de 1910, sobreviviéndole su viudo (el demandado) y sus hijas (únicas habidas en tal matrimonio) llamadas Paulina y Ana María apellidadas Díaz Longpré, y éstas dos últimas por la corte de distrito fueron declaradas como sus únicas y universales herederas.

"4. Que posteriormente, fallecida también intestada doña Carlota Benítez, viuda del causante don Enrique Nerón Longpré, le sucedieron como únicos y universales herederos sus mencionadas hijas María, Enriqueta y Cecilia apellidadas Longpré Benítez, y en representación de la hija premuerta doña Carlota Longpré Benítez los herederos de ésta."

Alega el apelante que siendo Carlota Longpré una de las hijas y herederas del finado Enrique Nerón Longpré, él como viudo y heredero de Carlota Longpré y como padre con patria potestad de la menor Ana María Díaz Longpré no puede ser considerado extraño en dicha sucesión.

Los hechos que dejamos expuestos demuestran *prima facie* que dicha alegación no tiene fuerza alguna a los fines que invoca el recurrente. José A. Díaz Gómez realmente es un extraño en la herencia de Enrique Nerón Longpré, pues al morir éste fueron declarados por la corte como sus únicos y universales herederos su viuda Carlota Benítez y sus hijas María, Enriqueta, Cecilia y Carlota Longpré Benítez, y fallecida esta última en 26 de mayo de 1910 la Corte de Distrito de Humacao declaró como sus únicos y universales herederos a sus hijas legítimas Paulina y Ana María Díaz, pero no al viudo José A. Díaz, el demandado y a esa resolución debemos atenernos para los efectos del recurso. La patria potestad sobre Ana María Díaz no inviste a su padre José A. Díaz, con el carácter de heredero de Carlota Longpré.

Tampoco es sostenible el tercer error alegado. Los artículos 1034 y 1425 del Código Civil que cita el apelante dicen así:

"Artículo 1034.—Si alguno de los herederos vendiere a un extraño su derecho hereditario antes de la partición podrán todos o cualquiera de los coherederos subrogarse en lugar del comprador, reembolsándole el precio de la compra con tal que lo verifiquen en término de un mes, a contar desde que esto se les haga saber."

"Artículo 1425.—El copropietario de una cosa común podrá usar del retracto en el caso de enagenarse a un extraño la parte de todos los demás condueños o de algunos de ellos."

El artículo 1034 que dejamos transcrito no es aplicable al presente caso pues no se trata de la venta de un derecho hereditario sino de la venta de una participación dominical en una finca determinada, o sea la estancia Piedra Hueca,

por Enriqueta Longpré a José A. Díaz Gómez. Enriqueta Longpré era condueña de una participación en dicha estancia y también el demandante era condueño en la misma, teniendo el carácter de extraño el demandado, y por tanto la corte ha procedido correctamente haciendo aplicación del artículo 1425 del Código Civil que regula el retracto de comuneros y no del artículo 1034 que regula el retracto sucesorio.

La anterior teoría no es otra que la establecida por el Sr. Manresa en sus Comentarios al Código Civil, tomo 7°., página 673, donde dice, comentando el artículo 1067 del Código Civil Español, que es el 1034 del nuestro:

"Por lo demás, no se trata de un objeto determinado de la herencia ni de varios de ellos proindiviso que motivarían en su caso el retracto de comuneros, sino del derecho hereditario. * * * Creemos que siempre que se trate de cosas determinadas, ya se enagenen por entero o por fracciones (y el heredero sólo puede enagenar una fracción), procede el retracto a que el artículo 1522 (1425 del Código Civil Revisado) se refiere. Y siempre que no se determine objeto alguno, sino que se venda en abstracto en todo o en parte el derecho hereditario, procede aplicar el artículo 1067 (1034 del Código Revisado)."

En síntesis, la parte demandante ha establecido su demanda bajo la teoría del artículo 1425 del Código Civil Revisado y bajo esa teoría ha alegado y comprobado todos los hechos determinantes de su acción.

Es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados del Toro, Aldrey y Hutchison.

El Juez Asociado Sr. Wolf no tomó parte en la resolución de este caso.