MÁS, DEMANDANTE Y APELANTE, *v.* LLONA, DEMANDADO Y APELADO.

Apelación procedente de la Corte de Distrito de Humacao en pleito sobre cumplimiento de resolución arbitral.

No. 2537.—Resuelto en julio 18, 1922.

ARBITRAJE Y DECISIÓN ARBITRAL—DOCUMENTO PÚBLICO—INFORMALIDADES—RENUNCIA—OBJECIÓN.—Si ciertos actos, así como la enajenación o disposición de la propiedad requieren que se cumplan determinadas formalidades en una escritura o testamento y se presentan documentos que no llegan a tener estas

formalidades, la persona que admite la existencia y veracidad de dichos documentos informales no renuncia a la objeción sobre la informalidad de los mismos.

ID.—ID.—INTERPRETACIÓN DE LA LEY.—El Código de Enjuiciamiento Civil de 1904 no comprendió un número de preceptos substantivos contenidos en la antigua Ley de Enjuiciamiento Civil, así como un número de materias claramente de procedimiento por su naturaleza. Dicho Código no contiene nada que sea incompatible con el anterior precepto de que los compromisos arbitrales deben hacerse por escritura pública.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. F. González.*

Abogado del apelado: *Sr. C. Travecier.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Aparece suficientemente de la demanda y de la prueba que el demandante y demandado tuvieron una diferencia en relación con ciertas operaciones sobre construcción de un edificio y convinieron en someter sus diferencias a dos personas de San Juan. Estas dos personas se reunieron y llegaron a una resolución arbitral, pero el demandado se negó a cumplir la resolución arbitral y esta acción fué la consecuencia. La Corte de Distrito de Humacao dictó sentencia a favor del demandado.

El primer fundamento de error trata de una cuestión de alegación. En la demanda se alega el arbitraje y resolución arbitral y el demandado, o admitió el mismo, o no lo negó específicamente y alega el apelante que él tenía derecho a una sentencia sobre las alegaciones. La teoría de este señalamiento de error es aparentemente que el demandado por ello admitió la debida existencia del arbitraje y su propia sumisión, fundándose el apelante en el artículo 119 del Código de Enjuiciamiento Civil. Este artículo, sin embargo, prescribe lo siguiente:

"Artículo 119.—Cuando se entable una acción fundada en un documento, y la demanda contenga copia del mismo, o ésta vaya unida a ella, la autenticidad y otorgamiento en forma de dicho documento

se considerarán admitidas, a menos que se jure la contestación negando dicha autenticidad.''

El demandado admitió la autenticidad y el otorgamiento del documento por los árbitros, pero no admitió que él hubiera dado a los árbitros la debida autorización y más particularmente no admitió que el documento fuera otorgado en debida forma. Si ciertos actos, así como la enajenación de bienes o disposición de los mismos requieren formalidades que han de cumplirse en escritura pública, o testamento, y se presentan documentos con algo menos que estas formalidades, la persona que admite la existencia y veracidad de dichos documentos informales no renuncia el poder hacer objeción a la informalidad de los mismos.

La corte al dictar sentencia a favor del demandado fundó su opinión en el hecho de que el convenio de someter la cuestión a arbitraje no fué reducido a escritura pública. El razonamiento de la corte era al efecto de que no siendo aplicable ninguna otra ley, eran aplicables las disposiciones de los artículos 791 y 792 de la antigua Ley de Enjuiciamiento Civil. Dichos artículos son como sigue:

''Art. 791.—El compromiso habrá de formalizarse necesariamente en escritura pública, y será nulo en cualquiera otra forma en que se contrajere.''

''Art. 792.—La escritura de compromiso habrá de contener precisamente, bajo pena de nulidad:

''1. Los nombres, profesión y domicilio de los que la otorguen.

''2. Los nombres, profesión y domicilio de los árbitros.

''3. El negocio que se someta al fallo arbitral, con expresión de sus circunstancias.

''4. El plazo en que los árbitros hayan de pronunciar la sentencia.

''5. La estipulación de una multa, que deberá pagar la parte que deje de cumplir los actos indispensables para la realización del compromiso.

''6. La estipulación de otra multa, que el que se alzare del fallo deberá pagar al que se conformare con él para poder ser oído.

"7. La designación del lugar en que habrá de seguirse el juicio.

"8. La fecha en que se otorgare el compromiso."

El apelante se funda principalmente en el artículo 1245 del Código Civil que pasamos a transcribir:

"Art. 1245.—Los contratos serán obligatorios, cualquiera que sea la forma en que se hayan celebrado, siempre que en ellos concurran las condiciones esenciales para su validez."

Sostiene él que el convenio verbal era un contrato perfectamente obligatorio para las partes y cita varios artículos de *Ruling Case Law* para sostenerlo. Creemos que debemos regirnos por la ley local en esta cuestión.

El artículo 1247 del Código Civil prescribe que ciertos contratos deberán constar en documento público, pero las cortes tanto de España como de esta Isla generalmente han considerado las disposiciones de esa ley como relativas a la determinación de los derechos cuando se trata de terceros y que los contratos enumerados en el artículo 1247 por lo general son eficaces entre las partes cualquiera que sea la forma en que se hayan celebrado y en todo caso conferirían a las partes el derecho a que se otorgue un documento público.

En el caso de un compromiso arbitral no existe cuestión de terceros. El caso no deja de ofrecer algunas dudas, pero creemos que debe resolverse mediante las siguientes consideraciones. Con anterioridad al día 1 de julio, 1904, estaba en vigor en esta Isla la Ley de Enjuiciamiento Civil Española y entre sus disposiciones había un número de cosas que eran realmente de derecho substantivo y no de procedimiento. El requisito de que una sumisión arbitral debía constar en escritura pública es de la naturaleza de ley substantiva y no una ley de procedimiento. No tenemos ninguna duda de que antes de julio 1, 1904, no hubiera habido discusión de que las personas que deseaban someter sus diferencias a arbitraje hubieran tenido que hacerlo mediante escritura pública.

Las palabras son en tono muy imperativo y así fueron generalmente entendidas entonces por las cortes y los abogados. Surgió entonces la cuestión siguiente: ¿Cambió el Código de Enjuiciamiento Civil de 1904 el estado existente de la ley y suprimió el precepto sustantivo contenido en la antigua Ley de Enjuiciamiento Civil? El nuevo Código de Enjuiciamiento Civil de 1904 también contenía ciertos preceptos sustantivos, pero estaba muy lejos de abarcar un número de disposiciones sustantivas contenidas en la antigua Ley de Enjuiciamiento Civil, así como un número de cosas claramente de procedimiento por su naturaleza. Al considerar algunas de las cuestiones de procedimiento esta corte directamente o por analogía ha aplicado la antigua Ley de Enjuiciamiento Civil. La cuestión, sin embargo, como aquí hemos sugerido es una de derecho sustantivo la cual en manera alguna es incompatible con el Código de Enjuiciamiento Civil de 1904. El artículo 361 de ese Código prescribe lo siguiente:

"Art. 361.—Toda ley, reales decretos, órdenes, órdenes militares, disposiciones o parte de ellos incompatibles, o en conflicto con este código quedan por la presente derogados."

No encontramos nada en el Código de Enjuiciamiento Civil que sea incompatible con el precepto de que los compromisos arbitrales habrán de formalizarse en escritura pública. El apelante hace referencia a los artículos 204 y 211 del Código de Enjuiciamiento Civil, pero estos artículos aluden a referencias después que un caso está ya ante una corte y no a un convenio particular para someter una cuestión a arbitraje.

Debe confirmarse la sentencia.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey, Hutchison y Franco Soto.