Pedro Vellón, demandante y apelado, *v.* Central Pasto Viejo, Inc., demandada y apelante.

No. 3442.—*Visto:* Febrero 24, 1925. *Resuelto:* Mayo 4, 1925.

1. Retracto Legal — Retracto por Copropietario — Renuncia del Derecho — Copropietario que Rehusa Comprar a su Copartícipe.—El hecho de que un copropietario haya rehusado comprar de su copartícipe no implica que por ello haya renunciado su derecho al retracto.

2. Retracto Legal — Retracto por Copropietario — Demanda de Retracto — Requisitos.—No es necesario, en una demanda de retracto, alegar ni probar el hecho de no haberse practicado la partición de la herencia, cuando el demandante en dicha acción actúa como copropietario de una cosa común y alegó y demostró que lo era en verdad.

3. Retracto Legal — Retracto por Copropietario — Demanda de Retracto — Requisitos.—En una demanda de retracto es requisito indispensable y esencial que se alegue el compromiso de no vender durante cuatro años la cosa retraída. (Inciso 5 del Art. 1618 de la Ley de Enj. Civil Española, equivalente al 1616 de la ley para Cuba y Puerto Rico.)

Sentencia de *Pablo Berga,* J. (Humacao), declarando con lugar la demanda, con costas. *Revocada, desestimándose la demanda, sin costas.*

*González Fagundo & González, Jr.,* abogados de la apelante; *Arturo Aponte, Jr.,* abogado del apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Se trata de un caso de retracto. Estando casado con Monserrate Ayala, el demandante Pedro Vellón adquirió cierta finca rústica. Murió la esposa y parte de la finca fué heredada por algunos parientes. Estos ofrecieron en venta sus derechos a Vellón quien se negó a comprarlos, vendiéndolos entonces a la demandada. Efectuada la venta y dentro del término de ley el demandante entabló esta demanda de retracto depositando en la corte el precio de la venta y comprometiéndose a satisfacer los gastos necesarios

que con motivo de la misma se hubieren ocasionado. El demandante no alegó en su demanda que se comprometía a no vender la participación del dominio retraída durante cuatro años. La corte declaró la demanda con lugar y la demandada apeló para ante esta Corte Suprema.

Tres errores señala la apelante como cometidos por la Corte, 1, al declarar sin lugar la excepción previa de falta de hechos suficientes para determinar una causa de acción; 2, al no estimar que habiéndose negado a comprar a los herederos, el demandante renunció su derecho a retraer, y 3, al no dar aplicación al artículo 1034 del Código Civil (Comp. 1911, p. 746, sec. 4130).

[1] Alteraremos el orden al analizar los errores. El segundo no se ha cometido, a nuestro juicio, porque no es contrario al espíritu de la ley que un copropietario que ha rehusado comprar de su copartícipe, cuando éste vende a un extraño sea que se decida, a los efectos de impedir que el extraño entre en la comunidad, a ejercitar su derecho de retracto. En manera alguna puede entenderse que por el hecho de haberse negado a comprar al copartícipe, renunció su derecho al retracto, derecho que nace cuando la venta al extraño se realiza. El apelante no cita precepto de ley alguno en apoyo de su contención.

[2] Tampoco existe el tercero de los errores señalados. La circunstancia de no haber alegado el demandante en su demanda ni probado en el juicio el hecho de no haberse practicado la partición de la herencia de doña Monserrate Ayala, sería acaso importante si el demandante hubiera ejercitado exclusivamente el derecho que otorga el artículo 1034 del Código Civil, pero aquí el demandante actuó como copropietario de una cosa común y alegó y demostró que lo era en verdad. El precepto de ley aplicable es el 1425 del expresado Código (Comp. 1911, p. 791, sec. 4531).

[3] El error primero es el que levanta la cuestión de importancia decisiva en este recurso. Parece conveniente hacer constar que en la discusión del mismo no hemos tenido

el beneficio del alegato escrito del apelado.   Para la debida
decisión de los asuntos sometidos a esta corte, se requiere
un estudio acabado de ellos por los abogados de ambas par-
tes.   De otro modo se dificulta y alarga el trabajo de la
corte, que es mayor cada día.

Emplazada de la demanda, la demandada alegó por vía de
excepción previa que no tenía el demandante una buena y
cabal acción de retracto porque no se comprometía a no
vender la participación del dominio que intentaba retraer
durante cuatro años, tal como exige el artículo 1616 de la
Ley de Enjuiciamiento Civil antigua vigente aún en ese
particular.

Alegó en contrario el demandante que la ley en vigor en
Puerto Rico no exigía el compromiso indicado y la corte
sostuvo su alegación.   ''En el Código Civil revisado al tra-
tar sobre la materia del retracto,'' dice la corte sentencia-
dora, ''ni en el vigente Código de Enjuiciamiento Civil,
existe esa disposición de carácter sustantivo que ha sido de-
rogada al igual que el requisito de acompañar a la demanda
el título en que se funda el retracto, por el nuevo sistema
de enjuiciar que contiene los preceptos relativos a las for-
malidades de las demandas. *Benítez* v. *Díaz,* 28 D.P.R.
675.''

El razonamiento de esta Corte Suprema para sostener
la derogación fué el siguiente: ''El artículo 1616 de la an-
tigua Ley de Enjuiciamiento Civil guardaba congruencia
con el 503 del mismo código, preceptivo de que se acompa-
ñara a toda demanda o contestación el documento o docu-
mentos en que la parte interesada fundaba su derecho.   Ese
artículo ya no es de aplicación obligatoria, pues la práctica
de las pruebas se reserva ordinariamente para el acto del
juicio.'' *Benítez* v. *Díaz,* 28 D.P.R. 675.

Aquí no se trata de un precepto procesal, sino sustantivo,
como lo reconoce la misma corte sentenciadora, y siendo
ello así es de entera aplicación la jurisprudencia estable-
cida en el caso de *González* v. *Acha et al.,* 21 D.P.R. 134.

Hablando por la Corte, el Juez Asociado Sr. Aldrey, expresó:

"El derecho de retracto legal se hallaba regulado en nuestras leyes históricas por la ley 55, título 5º., de la partida 5ª., según la cual quien tenga alguna cosa en común, aunque no se halle dividida, puede venderla a los que tengan en ella participación o a un extraño, pero si alguno de los que tienen parte en ella quisiere dar tanto como el extraño aquél debe tenerla antes que el extraño. Por la ley 75 de Toro se dispuso que si alguno vendiere parte de una heredad que tenga en común con otro, según lo dispuesto en la Ley de Partidas, estará obligado el que la quisiere retraer a consignar el precio.

"Posteriormente la Ley de Enjuiciamiento Civil española de 1856, exigió por el artículo 674 entre otros requisitos necesarios para dar curso a una demanda de retracto, que se consignara el precio si era conocido y si no lo fuere, que se dé fianza de consignarlo luego que lo sea; artículo que fué reproducido por el 1618 de la Ley de Enjuiciamiento Civil española de 3 de febrero de 1881 y por el 1616 de la que empezó a regir en Puerto Rico en 1º. de enero de 1886.

"En tal estado la legislación sobre esta materia, se publicó el Código Civil Español, que en Puerto Rico empezó a regir en 1890, el que por su artículo 1518, que aunque está comprendido en la sección de retractos convencionales es aplicable a los legales por disponerlo así el artículo 1525, declaró que no se podrá hacer uso del derecho de retracto sin reembolsar al comprador el precio de la venta, y, además, los gastos del contrato y cualquier otro pago legítimo hecho para la venta y los gastos necesarios y útiles hechos en la cosa vendida.

"Así, pues, en relación el Código Civil con la Ley de Enjuiciamiento Civil vigente entonces, era necesario para que el retracto tuviera lugar no solamente reembolsar o pagar el precio y los demás gastos a que se refería el Código Civil, sino también consignar el precio, de acuerdo con la Ley de Enjuiciamiento Civil para que se pudiera dar curso a la demanda.

"El Código Civil español fué sustituído en esta Isla por el Código Civil Revisado de 1902, que es una reproducción del anterior, salvo pequeñas modificaciones y que copió íntegramente los preceptos sobre retracto, exigiendo el artículo 1421 lo mismo que el 1518 del código anterior. Cuando el Código Civil Revisado de 1902 se publicó y entró en vigor, regía aún en Puerto Rico, en cuanto a retractos, la Ley de Enjuiciamiento Civil española; y como después en el año

1904 se publicó el Código de Enjuiciamiento Civil, surge ahora la cuestión que motiva este recurso de si sigue siendo necesaria para los juicios de retracto la consignación que antes se exigía por la Ley de Enjuiciamiento Civil.

"Es indudable que el Código Civil tanto el español como el Revisado lo único que exigen es el reembolso del precio y de otros gastos que en la misma se mencionan y no contiene disposición alguna que exija la consignación, la cual según las sentencias del Tribunal Supremo de España de 31 de diciembre y 16 de octubre de 1906 se requería no porque lo exigiera el Código Civil sino de acuerdo con el artículo 1618 de la Ley de Enjuiciamiento Civil, y por tanto si éste no está hoy en vigor en Puerto Rico no es necesaria la consignación.

"El Código de Enjuiciamiento Civil de 1904 no fué tan amplio que abarcara todos los procedimientos y por su sección 361 solamente se derogaron las leyes, reales decretos, órdenes, órdenes militares, disposiciones o parte de ellas que estuvieran en conflicto o fueren incompatibles con el nuevo código, y como no encontramos en él disposición alguna que esté en conflicto o contradiga la de la ley anterior sobre consignación en los retractos, tenemos que llegar a la conclusión de que aún continúa en vigor en este particular y es por tanto necesaria la consignación para poder ejercitar la acción de retracto.    Para mayor claridad de que no fueron derogados todos los procedimientos que contenía la Ley de Enjuiciamiento Civil antigua, encontramos el hecho de que cuando en 1905 se dictó la Ley sobre Procedimientos Legales Especiales, que regula algunos de los que estaban incluidos en la antigua ley procesal, expresamente se resolvió en tal ley que derogaba todas las anteriores que la contradigan, pero deja en vigor los procedimientos especiales establecidos por el Código Civil, la Ley Hipotecaria y su reglamento y en cualquier otra ley en cuanto no estuviere previsto por ella, y como no puede caber duda de que los juicios sobre retracto tenían un procedimiento especial, en cuanto exigen para darles curso determinados requisitos como el de la consignación que no se exige en los juicios ordinarios, podemos también en vista de este hecho, sostener que la consignación exigida por la Ley de Enjuiciamiento Civil anterior está vigente después de publicado el Código de Enjuiciamiento Civil de 1904.

"Tal consignación no la reguló sin duda alguna el Código Civil porque ya era exigida desde la ley de Toro y luego por la Ley de Enjuiciamiento Civil, y se comprende que tal consignación debe ser necesaria porque concediendo la ley para retractos solamente nueve

días, el que ejercita la acción debe tener el dinero pronto en ese tiempo y para evitar que se hagan falsos ofrecimientos de pagar y que en realidad no exista el dinero cuando llega el momento de cumplirse una sentencia que declare el retracto.'' (21 D.P.R. 135 *et seq.*)

El mismo criterio fué sostenido por esta Corte en el caso de *Más* v. *Llona,* 31 D.P.R. 33. Al emitir la opinión del tribunal, el Juez Asociado Sr. Wolf dijo:

''En el caso de un compromiso arbitral no existe cuestión de terceros. El caso no deja de ofrecer algunas dudas, pero creemos que debe resolverse mediante las siguientes consideraciones. Con anterioridad al día 1 de julio, 1904, estaba en vigor en esta Isla la Ley de Enjuiciamiento Civil española y entre sus disposiciones había un número de cosas que eran realmente de derecho substantivo y no de procedimiento. El requisito de que una sumisión arbitral debía constar en escritura pública es de la naturaleza de ley substantiva y no una ley de procedimiento. No tenemos ninguna duda de que antes de julio 1, 1904, no hubiera habido discusión de que las personas que deseaban someter sus diferencias a arbitraje hubieran tenido que hacerlo mediante escritura pública. Las palabras son en tono muy imperativo y así fueron generalmente entendidas entonces por las cortes y los abogados. Surgió entonces la cuestión siguiente: ¿Cambió el Código de Enjuiciamiento Civil de 1904 el estado existente de la ley y suprimió el precepto sustantivo contenido en la antigua Ley de Enjuiciamiento Civil? El nuevo Código de Enjuiciamiento Civil de 1904 también contenía ciertos preceptos sustantivos, pero estaba muy lejos de abarcar un número de disposiciones sustantivas contenidas en la antigua Ley de Enjuiciamiento Civil, así como un número de cosas claramente de procedimiento por su naturaleza. Al considerar algunas de las cuestiones de procedimiento esta corte directamente o por analogía ha aplicado la antigua Ley de Enjuiciamiento Civil. La cuestión sin embargo, como aquí hemos sugerido es una de derecho sustantivo la cual en manera alguna es incompatible con el Código de Enjuiciamiento Civil de 1904. El artículo 361 de ese Código prescribe lo siguiente:

'' 'Art. 361.—Toda ley, reales decretos, órdenes, órdenes militares, disposiciones o parte de ellos incompatibles, o en conflicto con este código quedan por la presente derogados.'

''No encontramos nada en el Código de Enjuiciamiento Civil que sea incompatible con el precepto de que los compromisos arbitrales habrán de formalizarse en escritura pública. El apelante hace refe-

rencia a los artículos 204 y 211 del Código de Enjuiciamiento Civil, pero estos artículos aluden a referencias después que un caso está ya ante una corte y no a un convenio particular para someter una cuestión a arbitraje.''

El compromiso de no vender está exigido por el citado artículo 1616 de la Ley de Enjuiciamiento Civil para Cuba y Puerto Rico equivalente al 1618 de la española, así: ''Artículo 1616.—Para que pueda darse curso a las demandas de retracto, se requiere: . . . . 5°. Que se comprometa el comunero a no vender la participación del dominio que retraiga, durante cuatro años. . . . .''

Cuando se publicó el Código Civil Español, al regularse en él el retracto, el indicado requisito,—como el de la consignación—no fué exigido, pero la Corte Suprema de España estimó que era esencial,—lo mismo que la consignación—para que la acción de retracto pudiera ejercitarse. En su sentencia de 13 de noviembre de 1894 (76 J. C. p. 353) el Tribunal Supremo de España, resolvió:

''Considerando que son tan esenciales las condiciones que han de tener las demandas de retracto consignadas en el artículo 1618 de la Ley de Enjuiciamiento Civil, que si careciendo de alguna o algunas de las pertinentes al retracto que se entabla, el Juez, con olvido de lo que terminantemente previene el citado artículo, diera curso a ella, la acción nunca podría prosperar, ya fuera que el demandado pidiera previamente la no admisión, ya solicitara en su escrito de contestación que por este vicio radical de la demanda se fallara en definitiva la improcedencia de la acción:

''Considerando que el retrayente Sánchez Carrasco no omitió el requisito seguido del citado artículo 1618, que, como infringido, cita el recurso en el motivo segundo, pero sí se olvidó del quinto, que también invoca el recurso en el mismo motivo, porque no se comprometió, como era preciso, a no vender durante cuatro años el dominio del suelo que pretendía retraer; y al no haberlo hecho así, y haber la sentencia, a pesar de este vicio radical de la demanda, dado lugar al retracto, infringe el citado núm. 5°. del artículo 1618 y la jurisprudencia que se invoca en los motivos segundo y tercero del recurso.'' 76 Jurisprudencia Civil, página 353.

A virtud de todo lo expuesto opinamos que el compro-

miso de no vender durante cuatro años la cosa retraída sigue siendo parte integrante, condición esencial del derecho de retracto. Se ha dicho que esa limitación es contraria a la libertad de los contratos. Lo es en verdad, pero no debe perderse de vista que el derecho de retracto en sí mismo es contrario a esa libertad. El retracto es un privilegio que se concede al comunero que sólo está justificado cuando se ejercita para los fines que tuvo en mente el legislador, y para garantizar que sean esos fines y no otros los que se persigan, el legislador pudo imponer e impuso condiciones que deben cumplirse de manera estricta.

*Debe revocarse la sentencia recurrida y dictarse otra desestimando la demanda sin especial condenación de costas.*