NICOLÁS QUIÑONES JIMÉNEZ, demandante y apelado, *v.* GILBERTO ALCAIDE ARROYO, MARÍA NIEVES RODRÍGUEZ, JUAN SIXTO MARCANO SANTIAGO, MONSERRATE POLO y JOAQUÍN JIMÉNEZ SANTA, demandados y apelantes.

Núm. 10401.—*Sometido:* Abril 5, 1951. *Resuelto:* Junio 29, 1951.

719

*Rafael A. Arroyo Ríos,* abogado de los apelantes; *Miranda Esteve & Martínez Álvarez, Jr.,* abogados del apelado.

EL JUEZ PRESIDENTE INTERINO SEÑOR TODD, JR., emitió la opinión del tribunal.

Al dictar sentencia declarando con lugar la demanda sobre retracto legal en este caso, el Tribunal de Distrito de Puerto Rico, Sección de Caguas, llegó a las siguientes conclusiones de hecho:

"1. Que el demandante es dueño de la finca de 4.84 cuerdas que se describe en el hecho cuarto como sigue: (Se describe.)

"2. Que la codemandada doña María Nieves Rodríguez y su hija son dueñas de la parcela de terreno de una cuerda que se describe así: (Se describe.)

"3. Que el demandante es el único propietario de la tierra colindante con la parcela de terreno que no excede de una hectárea, propiedad de doña María Nieves Rodríguez y de su hija.

"4. Que doña María Nieves Rodríguez y su fenecido esposo don Gilberto Alcaide Arroyo adquirieron por la suma de $2,200 la finca de una cuerda a que ya nos hemos referido, el día 10 de junio de 1944 por compra a don·Joaquín Jiménez Santa, según consta de la escritura número 47 de igual fecha, otorgada ante el notario don Juan Calzada González, la cual escritura nunca ha sido presentada para su inscripción en el Registro de la Propiedad de Caguas. Don Gilberto Alcaide Arroyo, esposo de la codemandada doña María Nieves Rodríguez falleció con posterioridad a la radicación de la demanda original habiendo sido sustituído por sus herederos, o sea, la hija habida en su matrimonio con la codemandada doña María Nieves Rodríguez.·

"5. Que la finca del demandante y la de las demandadas colindan entre sí y no están separadas por arroyos, acequias, barrancos, caminos y otras servidumbres aparentes.

"6. Que del título de adquisición de la finca de una cuerda por parte de las demandadas aparece que dicha finca está gravada por una hipoteca, la cual fué constituída por el mismo documento, por la suma de $1,200 de principal a favor del codemandado don Juan Sixto Marcano.

"7. Que con anterioridad a la compra de la finca de una cuerda la misma fué poseída en arrendamiento por la señora madre de la demandada doña María Nieves Rodríguez, la señora María Serrano, desde el año 1919 hasta la fecha de su fallecimiento en 19 de febrero de 1943, y desde aquí en adelante

y hasta la fecha de la compra por doña María Nieves Rodríguez y su fenecido esposo don Gilberto Alcaide Arroyo, fué poseída por éstos también en calidad de arrendamiento.

"8. Que con el expreso consentimiento del anterior dueño de la finca de una cuerda, don Joaquín Jiménez Cruz, causante del codemandado Joaquín Jiménez Santa, la arrendataria original doña María Serrano, madre de la codemandada doña María Nieves Rodríguez Serrano, procedió a edificar de su propio peculio las siguientes edificaciones: (Se describen unas casas pequeñas y casetas para baños y letrinas.)

"9. Que en la actualidad doña María Nieves Rodríguez es condueña de la mitad proindivisa de las construcciones edificadas por su difunta madre doña María Serrano y las cuales se describen en el párrafo anterior.

"10. Que el 21 de junio de 1944 al demandante le informaron que el codemandado Joaquín Jiménez Santa había vendido la finca de una cuerda que es objeto de esta acción de retracto, y haciendo las investigaciones pertinentes se enteró y tuvo conocimiento el 23 de junio de 1944 de que efectivamente dicho codemandado había vendido la mencionada finca a los esposos Gilberto Alcaide Arroyo y María Nieves Rodríguez, por escritura otorgada el día 10 de junio de 1944 ante el notario don Juan Calzada González.

"11. Que la finca de una cuerda propiedad de la codemandada doña María Nieves Rodríguez y de su hija Migdalia Alcaide Rodríguez es una finca rústica y no urbana ya que si bien es cierto en la misma hay algunas edificaciones, las anteriormente descritas, sin embargo la mayor parte de la finca, como tres cuartas partes de la misma está sembrada de pasto en su mayor parte natural y dedicada al cuido de ganado. En este sentido damos crédito a la prueba ofrecida por el demandante, la cual fué corroborada de manera fehaciente por la inspección ocular que efectuáramos. Además la finca está, aunque esto no será decisivo, fuera del perímetro de la población colindante con otras fincas rústicas a excepción de la colindancia Norte que es con un camino vecinal.

"12. El demandante se obligó a consignar y a abonar el precio de todos los gastos necesarios y útiles hechos en la finca por los demandados, tan pronto fuese establecido y conocido el montante de los mismos."

Citando los artículos 1411 y 1413 del Código Civil, ed. de 1930, ([1]) en sus conclusiones de derecho resolvió la corte que procedía el retracto solicitado.

No conformes con la sentencia los demandados apelaron y en este recurso sostienen que el tribunal inferior erró al declarar que la demanda aduce hechos suficientes constitutivos de causa de acción, al declarar que el derecho del demandante, como colindante, a retraer la finca es preferente al derecho que tenía la demandada María Nieves Rodríguez a adquirir la misma por razón de ser condueña de las edificaciones levantadas de buena fe y existentes en dicho inmueble y al considerar y declarar que la finca que se intenta retraer sea una de naturaleza rústica.

██ Sostienen los apelantes que la demanda es insuficiente: (1) porque no se alega en ella compromiso alguno por parte del demandante de no vender la finca que intenta retraer durante el término de cuatro años, y (2) porque el demandante no hizo una consignación válida ya que un cheque certificado no constituye moneda legal corriente de los Estados Unidos.

Es en el artículo 1616, inciso 5, de la Ley de Enjuiciamiento Civil para Cuba y Puerto Rico, equivalente al artículo 1618 de la Ley de Enjuiciamiento Civil de España de 1881, que se dispone que "Para que pueda darse curso a las demandas de retracto se requiere: . . . 5. Que se compro-

---

([1]) Los artículos 1411 y 1413 del Código Civil disponen lo siguiente:

"Artículo 1411.—El retracto legal es el derecho de subrogarse, con las mismas condiciones estipuladas en el contrato, en lugar del que adquiere una cosa por compra o dación en pago."

"Artículo 1413.—También tendrán el derecho de retracto los propietarios de las tierras colindantes cuando se trate de la venta de una finca rústica cuya cabida no exceda de una hectárea.

"El derecho a que se refiere el párrafo anterior no es aplicable a las tierras colindantes que estuvieren separadas por arroyos, acequias, barrancos, caminos y otras servidumbres aparentes en provecho de otras fincas.

"Si dos o más colindantes usan del retracto al mismo tiempo, será preferido el que de ellos sea dueño de la tierra colindante de menor cabida; y si las dos la tuvieren igual, el que primero lo solicite."

meta el *comunero* a no vender la *participación del dominio que retraiga,* durante cuatro años." (Bastardillas nuestras.) Hemos resuelto que dicha disposición está en vigor en Puerto Rico. *González* v. *Acha et al.,* 21 D.P.R. 134; *Vellón* v. *Central Pasto Viejo,* 34 D.P.R. 233; *Martínez* v. *Pirallo,* 61 D.P.R. 91; *Noble* v. *Rodríguez,* 69 D.P.R. 482.

Arguyen los apelantes que el compromiso de no vender durante cuatro años, no obstante referirse al "comunero" en relación con la "participación del dominio que retraiga", es aplicable también al retracto legal de colindantes pues debemos interpretar el término "comunero" como equivalente al término "retrayente". No podemos convenir con esta interpretación forzada del precepto claro del estatuto. Tampoco lo ha hecho el Tribunal Supremo de España pues en su Sentencia de 3 de abril de 1946, 15 Repertorio de Jurisprudencia Civil 779, se expresó en esta forma:

"No cabe estimar violación del artículo 1618 de la Ley de Enjuiciamiento Civil por el hecho de no constar en autos el compromiso de los retrayentes 'de no vender durante cuatro años la participación del dominio retraída', que exige dicho precepto, siempre que se trate de retracto de comuneros, en cuantos casos resulte que el retracto efectivamente ejercitado es el de colindantes."

Los casos de *Noble* v. *Rodríguez,* supra, y *Vellón* v. *Central Pasto Viejo,* supra, citados por los apelantes, no son autoridad para sostener su contención por tratarse en los mismos del retracto de comuneros y no del de colindantes.

En cuanto al otro motivo sobre la inadecuada consignación por cheque certificado(²) sostienen los apelantes que deben aplicarse los artículos del Código Civil relativos al ofrecimiento de pago y a la consignación(³) y la jurisprudencia interpretativa de los mismos, citando al efecto los casos de *Silva* v. *Aboy, Georgetti & Co., Ltd.,* 20 D.P.R. 76 y *The Juncos Central Co.* v. *Del Toro,* 30 D.P.R. 330.

---

(²) El inciso 2 del artículo 1616 y del artículo 1618, supra, requiere "Que se consigne el precio si es conocido, o si no lo fuere, que se dé fianza de consignarlo luego que lo sea."

(³) Artículos 1130 al 1135 del Código Civil, ed. de 1930.

En el caso de *González* v. *Acha*, supra, pág. 138, resolvimos que *"los artículos contenidos en el Código Civil respecto a la consignación en los casos que es necesaria para que produzca los efectos del pago, no son aplicables a la consignación que se exige para las demandas de retracto*, en las que tampoco se necesita ofrecer el precio antes de acudir al tribunal; pues no lo exige la ley que ordena la consignación." · (Bastardillas nuestras.) En el de autos el cheque certificado consignado, fué depositado por el Secretario de la corte en el National City Bank, Sucursal de Caguas. El artículo 1621 del Código de Enjuiciamiento Civil de España dispone que "El Juez . . . mandará hacer el depósito de la cantidad consignada en el establecimiento público destinado al efecto . . ." Debemos presumir que el National City Bank es el depositario de los fondos correspondientes al Tribunal de Distrito de Puerto Rico, Sección de Caguas. De hecho la cantidad allí depositada no hay duda que estará a la disposición de los apelantes al ejecutarse la sentencia. No se cometió el primer error.

■ Por el segundo sostienen los apelantes que la demandada, María Nieves Rodríguez, tiene un derecho preferente al del demandante para la adquisición del predio objeto del retracto ya que a todos los efectos de esta acción, dicha demandada debe ser considerada como una comunera o copropietaria de dicho predio o, en la alternativa, que ella tiene dicho derecho preferente de acuerdo con el artículo 297 del Código Civil, ed. de 1930.(⁴)

En cuanto a la primera cuestión los apelantes citan el artículo 326 del Código Civil(⁵) y varias Sentencias del Tri-

---

(⁴) El artículo 297 del Código Civil dispone:
"El dueño del terreno en que se edificare, sembrare o plantare de buena fe, tendrá derecho a hacer suya la obra, siembra o plantación, previa la indemnización establecida en los artículos 382 y 383 de este código, o a obligar al que fabricó o plantó, a pagar el precio del terreno, y al que sembró, la renta correspondiente."

(⁵) El artículo 326 dispone, en lo pertinente, lo siguiente:
"Hay comunidad cuando la propiedad de una cosa o de un derecho pertenece proindiviso a varias personas."

bunal Supremo de España las cuales han reconocido que existe, si no una comunidad de bienes propiamente dicha entre el dueño del suelo y aquél que tiene el derecho de siembra o aquél a quien pertenece el arbolado, sí puede considerárseles como copropietarios, engendrándose una relación jurídica análoga a la comunidad que autoriza a considerar a éstos últimos, a los efectos del retracto, como condueños. Véanse Sentencias de 20 de enero de 1880; 12 de julio de 1881; 9 de marzo de 1893; 17 de mayo de 1898; 9 de julio de 1903; 21 de febrero de 1920 y 9 de marzo de 1922.

Son inaplicables dichas Sentencias a la situación que presenta el caso de autos. La demandada María Nieves Rodríguez era una arrendataria del predio de terreno objeto del retracto. Nada hay en la prueba que demuestre que ella era dueña de los pastos o arboleda existentes en dicho predio a la fecha en que éste fué vendido. Por el contrario los apelantes, al argumentar el tercer error, sostienen que allí no existen pastos ni árboles que puedan darle al predio el carácter de rústico.

En cuanto al segundo punto los apelantes tratan de demostrar que existe incompatibilidad entre la disposición contenida en el artículo 297 del Código Civil, supra, relativa a la accesión y los preceptos que regulan el retracto legal. No hay tal conflicto. El derecho que tiene el dueño del terreno de hacer suyo lo construído de buena fe, previo el pago correspondiente, es un derecho que pasa al colindante retrayente al subrogarse en los derechos del dueño y, a ese efecto, la sentencia en este caso dispuso que la demandada María Nieves Rodríguez otorgaría escritura de retracto legal a favor del demandante, previo pago por parte de éste de todos los gastos necesarios y útiles efectuados en la finca. También se dispuso que se cancelaría la hipoteca que existe a favor de los demandados Juan Sixto Marcano y su esposa sobre la finca previo el pago del montante de la misma por él demandante.

■■ El último error señalado tiende a impugnar la apreciación de la prueba hecha por el tribunal a quo al resolver que la finca objeto del retracto es de naturaleza rústica. Al llegar a esta conclusión la corte hizo constar, como hemos visto en sus conclusiones de hecho, que daba crédito a la prueba del demandante "la cual fué corroborada de manera fehaciente por la inspección ocular", haciendo constar además que si bien en la finca había algunas edificaciones, la mayor parte de ella, como tres cuartas partes, está sembrada de pasto en su mayor parte natural y dedicada al cuido de ganado, estando la finca, además, fuera del perímetro de la población y colindante con otras fincas rústicas y con un camino vecinal.

Hemos examinado la transcripción de evidencia y la prueba del demandante creída por la corte y corroborada por la inspección ocular es suficiente para justificar la conclusión a que llegó la corte. El hecho de que en una de las casas de la finca exista una escuela y en otra una tienda pequeña no milita contra el hecho de que la finca sea rústica. Existen muchas escuelas rurales y pequeños comercios en fincas rústicas a través de la isla y ese hecho no las convierte en fincas urbanas. Es más bien la naturaleza predominante a que se dedica la finca lo que determina su condición ya que el código no la define. Al efecto dice Scaevola, Código Civil, Tomo 23, pág. 890, que "es elemental que por predios rústicos entendemos los sitos fuera de poblado, cuyo fin primordial, aunque estén baldíos, sea el cultivo o la ganadería" y que "por predios urbanos las edificaciones sitas en poblado y dedicadas primordialmente a vivienda o morada del hombre."

*Debe confirmarse la sentencia.*