Central Pasto Viejo, Inc., demandante y apelada, *v.* Antonio Roig, Eulogia Guzmán de Roig, Antonio Agripino Roig, Angelina Oppenheimer de Roig, Miguel A. Bustelo y María Rodríguez de Bustelo, José Toro Ríos y Lucía Guzmán de Toro, demandados y apelantes los dos primeros.

No. 4023.—*Visto:* Noviembre 16, 1926. *Resuelto:* Marzo 15, 1927.

Retracto Legal — Retracto por Copropietario — De la Sentencia — Cumplimiento de la Misma—Omisión de Depositar de Nuevo el Importe de la Consignación Retirado.—Cuando un demandante en acción de retracto legal pendiente apelación retira el depósito hecho mediante estipulación al efecto y firme la sentencia no deposita de nuevo el importe de la consignación, no puede quejarse de que la sentencia a su favor no se cumpla.

Orden de *Gabriel Castejón,* J. (Humacao), en incidente sobre ejecución de sentencia. *Revocada* y devuelto el caso para ulteriores procedimientos no inconsistentes con la opinión.

*González Fagundo & González, Jr.,* abogados de los apelantes; *Henry G. Molina* y *Leopoldo Feliú,* abogados de la apelada.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Este pleito se inició por una demanda radicada el 30 de diciembre de 1922. El hecho octavo de la demanda dice:

"Según información y creencia, que el precio de dicha venta fué el de $195.00 por cada cuerda, pagaderos parte de contado y el saldo a plazo. Que al precio así convenido en dicha venta los demandados Bustelo y Rodríguez tenían o tienen derecho a recibir del comprador demandado una suma total de $11,018.09, cuya cantidad, y una suma adicional de $981.91 para cubrir los gastos del contrato y cualquier otro pago legítimo hecho para la venta, hacen un total de $12,000.00, que se acompaña a esta demanda y se depositan en la secretaría de la Corte de Distrito de Humacao a disposición del comprador, demandado en esta acción, en cuyo lugar, con las mismas condiciones estipuladas en el contrato, se subroga la demandante."

Y su súplica es como sigue:

"Por las razones expuestas, la parte actora suplica a la corte se sirva declarar con lugar esta demanda resolviendo que la corporación demandante tiene derecho al retracto legal en este caso, y or-

denando asimismo que los demandados otorguen a favor de la demandante la correspondiente escritura de traspaso de las participaciones del inmueble descrito en la demanda; y en caso de no hacerlo así ordene al márshal del distrito de Humacao el otorgamiento de la escritura en cuestión, con las costas, desembolsos y honorarios de abogado.''

Celebrada la vista, la corte de distrito, el 13 de agosto de 1923, dictó sentencia, por la que:

''Se condena a dichos demandados a otorgar a favor de la demandante, dentro de un término de cinco días de ser firme la sentencia, la correspondiente escritura de traspaso de las participaciones o condominios adquiridos de Miguel A. Bustelo y María Rodríguez de Bustelo por el contrato privado de 23 de Diciembre de 1922, quedando a disposición de dichos demandados la cantidad de $12,000.00 consignados en la Secretaría de este tribunal para reembolsarse el precio de la venta y gastos del contrato y cualquier otro pago legítimo hecho para la misma, y en caso de que dichos demandados se negasen a otorgar la escritura, que lo verifique el márshal.''

Apelaron los demandados y esta Corte Suprema confirmó la sentencia recurrida en junio 27, 1924, *Central Pasto Viejo* v. *Roig,* 33 D.P.R. 451.

Apelaron de nuevo los demandados y la Corte de Circuito de Apelaciones confirmó la sentencia de esta Corte Suprema el 12 de junio de 1925, quedando así definitivamente firme la sentencia de la Corte de Distrito de Humacao. *Roig* v. *Central Pasto Viejo,* 6 F. (2d.) 106.

Mientras se sustanciaba la apelación a esta Corte Suprema, las partes estipularon, y la corte de distrito aprobó la estipulación, que se devolvieran a la demandante los doce mil dólares que había depositado. No se dijo de modo expreso lo que debería hacerse en caso de que la sentencia fuera confirmada, pero se consignó en la estipulación lo que sigue:

''Entendiéndose que esta estipulación y la entrega acordada no han de afectar en nada las cuestiones planteadas por el demandado

ante el Tribunal Supremo, como consecuencia de la sentencia dictada en este caso, ni para nada los derechos de la demandante."

La devolución no podía tener otro objeto que la de impedir que quedara ocioso en la corte el dinero mientras la apelación se sustanciaba.

Así lo entendió la corte de distrito y cuando los demandados en 20 de noviembre de 1925 acompañando el mandato de la Corte de Circuito de Apelaciones le pidieron que ordenara a la demandante que consignara nuevamente la suma que depositó con la demanda, accedió a ello.

Pidió reconsideración la demandante y la corte se negó porque acceder a tales pretensiones "equivaldría a modificar y dejar sin efecto los pronunciamientos de una sentencia que en los momentos actuales es firme y ejecutoria."

Así las cosas, la demandante archivó, sin depositar los doce mil dólares, otra moción pidiendo a la corte que ordenara a los demandados a otorgar a su favor "una escritura de venta del condominio equivalente a 9/28 avas partes de la finca 'Rosario' descrita en la sentencia de esta corte, por el precio de $11,017.89, que deberá ser y será pagado a dichos demandados de contado al otorgarse la escritura, más los gastos de la misma."

A esa moción la corte de distrito proveyó por medio de una resolución cuya parte dispositiva dice:

"1.—Ordenar a la Central Pasto Viejo, Inc., a que consigne ante esta Corte la suma de $12,000.00 que para pago a los compradores demandados consignaron con su demanda ante esta Corte.

"2.—Que se designen por cada una de las partes un perito agrimensor para que conjuntamente procedan a la medición del referido condominio, rindiendo el informe correspondiente a esta Corte, y en caso de no ponerse de acuerdo, se designará a un tercero por esta Corte, siendo los gastos por mitad entre ambos litigantes.

"Y una vez conocida con exactitud la cabida del condominio en cuestión, se procederá al cumplimiento de la sentencia."

No conformes los demandados apelaron para ante este tribunal.

A nuestro juicio tienen razón los apelantes. Que la demandante debe consignar de nuevo los doce mil dólares no era necesario decidirlo de nuevo. Estaba ya decidido y ratificado por la corte de distrito.

En su alegato la parte apelada no sólo impugna la apelación sino que pide que dentro de este recurso, contrario a lo que dispone una resolución no recurrida por él y en el estado actual del procedimiento, esta corte decida que la consignación era innecesaria y revoque la doctrina establecida en el caso de *González* v. *Acha,* 21 D.P.R. 134. Basta la simple enunciación de lo pedido y de las circunstancias concurrentes, para concluir que es manifiestamente improcedente.

La demandante debe depositar de nuevo los doce mil dólares para así restablecer las cosas al estado en que se encontraban al dictarse la sentencia. Si no lo hace no puede quejarse de que la sentencia no se cumpla.

En cuanto a las medidas adoptadas por el juez de distrito, que ni siquiera fueron solicitadas por la demandante, nos parecen por lo menos prematuras.

La sentencia es clara y precisa en sus términos. Una vez consignados los repetidos doce mil dólares, lo que procede es que la demandante pida orden de ejecución de la misma. Si dentro de cinco días los demandados no otorgaran la escritura de traspaso a la demandante de las participaciones y condominios que adquirieron de Bustelo y su esposa por contrato privado de 23 de diciembre de 1922, procederá a hacerlo el márshal. Si entonces surgiere alguna dificultad, será el momento de intervenir. Hasta ahora nada demuestra de modo terminante que la sentencia no pueda cumplirse poniendo en práctica sus pronunciamientos en la forma en que aparecen redactados.

*Debe revocarse la orden apelada y devolverse el caso para ulteriores procedimientos no inconsistentes con esta opinión.*