PEDRO VELLÓN, demandante y apelado, *v.* CENTRAL PASTO VIEJO, INC., demandada y apelante.

No. 3988.—*Visto:* Mayo 24, 1927. *Resuelto:* Diciembre 24, 1927.

1. ALEGACIONES—ALEGACIONES ENMENDADAS Y SUPLEMENTARIAS Y NUEVAS ALEGACIONES *(Repleader)*—PERMISO PARA ENMENDAR—DISCRECIÓN JUDICIAL—DESPUÉS DE DICTADA SENTENCIA.—El que el artículo 1616 de la antigua Ley de Enjuiciamiento Civil esté en vigor en lo que de sustantivo y esencial tiene respecto al derecho de retracto reconocido en el Código Civil, no implica que no puedan concederse las enmiendas a las alegaciones que autoriza el moderno método de enjuiciar a fin de que la acción de retracto se tramite con toda corrección y se asegure completa justicia entre las partes.

2. RETRACTO LEGAL—RETRACTO POR COPROPIETARIO—PRESCRIPCIÓN DE LA ACCIÓN.—Cuando ejercitada acción de retracto no se alega el compromiso de no vender durante cuatro años la cosa retraída y se concede permiso para enmendar la demanda en tal sentido, como la demanda enmendada arranca desde la fecha en que se archivó la primitiva, no puede alegarse la prescripción de la acción porque dicha demanda enmendada no se presentara dentro de los nueve días siguientes a aquel en que se concedió el permiso para enmendar, especialmente cuando, no habiéndose fijado término para el archivo de dicha demanda, éste se hace dentro de un término razonable.

3. APELACIÓN Y ERROR—REVISIÓN—DISCRECIÓN DE LA CORTE INFERIOR—IMPOSICIÓN DE COSTAS—EN GENERAL.—Examinadas las circunstancias concurrentes, se concluyó que no habiéndose demostrado la temeridad de la parte demandada al defenderse, no procedía condenarle al pago de las costas.

SENTENCIA de *Gabriel Castejón,* J. (Humacao), declarando con lugar la demanda con costas. *Confirmada,* excepto en cuanto al pronunciamiento de costas.

. .

González Fagundo & González Jr., Henry G. Molina y L. Feliú, abogados de la apelante; Arturo Aponte Jr., abogado del apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Pedro Vellón entabló demanda en la Corte de Distrito de Humacao contra la Central Pasto Viejo, ejercitando la acción de retracto. No alegó que se comprometía a no vender durante cuatro años la cosa retraída, como exige el artículo 1616 de la Ley de Enjuiciamiento Civil antigua, y se declaró finalmente por esta Corte Suprema que la demanda no aducía hechos suficientes para determinar una causa de acción y, en tal virtud, que debía ser, como fué, desestimada. 34 D.P.R. 233.

Solicitó el demandante la reconsideración de la sentencia o bien su modificación en el sentido de concedérsele permiso para enmendar su demanda. La corte declaró sin lugar la reconsideración y señaló un día para oir a las partes sobre la concesión del permiso para enmendar. Ambas partes comparecieron y la corte, el 24 de julio de 1925, resolvió adicionar su sentencia de 4 de mayo anterior concediendo el permiso solicitado. 34 D.P.R. 954.

El 18 de agosto siguiente Vellón archivó en la corte de distrito su demanda enmendada. La demandada adujo contra ella la siguiente excepción previa:

"Que la demanda no aduce hechos suficientes para determinar una causa de acción.

"El fundamento de esta excepción es que la acción que se ejercita está proscrita de acuerdo con el artículo 1427 del Código Civil."

Ambas partes sometieron el pleito a la corte por sus respectivas alegaciones "o sea teniendo en cuenta la demanda enmendada tal como ha sido presentada, y la excepción previa, de manera que si fuese declarada sin lugar dicha excepción previa, deberá dictarse sentencia definitiva concediendo el retracto solicitado, con todos los pronuncia-

mientos consiguientes, o bien desestimarse la demanda, caso de prevalecer la excepción previa.''

Y la corte el 28 de mayo de 1926 dictó sentencia declarando la demanda con lugar, con las costas a la demandada. No conforme ésta entabló el presente recurso de apelación.

[1, 2] Sostiene la parte apelante en su alegato que la demanda enmendada debió ser declarada sin lugar por no haberse tramitado de acuerdo con el artículo 1616 de la Ley de Enjuiciamiento Civil antigua. Parece conveniente transcribir los dos párrafos de su alegato que siguen:

''Luego, entendemos que o bien el procedimiento establecido por el art. 1616 de la Ley de Enjuiciamiento Civil Española continúa en vigor, o no. (*González* vs. *Acha, supra; Benítez* vs. *Díaz,* 28 D.P.R. 675, y *Vellón* vs. *Central Pasto Viejo, supra*). Si está en vigor, el demandante retractante para que pueda prosperar su acción, tiene que cumplir con los requisitos establecidos en dicho artículo, no tan sólo en cuanto a la consignación (*González* vs. *Acha*) o el compromiso de no vender (*Vellón* vs. *Central Pasto Viejo*), sino también, con todo respeto a la opinión de este Honorable Tribunal, en cuanto a todos los demás requisitos establecidos en dicho artículo. Y si se va a permitir que se subsane el error o defecto, después de resuelto el caso en apelación ante este Tribunal, como se pretende ahora, en cuanto al requisito 5⁰, ¿cuál es la distinción que se va a hacer para no admitir el mismo procedimiento en cuanto a los otros requisitos? Y si se va a admitir ese procedimiento en cuanto a todos los requisitos, ¿por qué no de una vez resolver, como en efecto se estará resolviendo, que el art. 1616 no está en vigor?

''Por lo tanto, entendemos que en el presente caso existe la siguiente alternativa, o bien sostener la decisión de *Vellón* vs. *Pasto Viejo,* 34 D.P.R. 233, o revocar la doctrina de *González* vs. *Acha,* 21 D.P.R. 134.''

La cuestión no es tan rígida como pretende la apelante. Las leyes y los procedimientos se interpretan a la luz de la razón y de las circunstancias concurrentes. Las opiniones de esta corte en los casos que se citan, hablan por sí mismas. Está vigente el art. 1616 de la antigua Ley de Enjuiciamiento Civil en todo aquello que es realmente sustantivo, que es esencial al derecho de retracto que ha se-

guido reconociendo el Código Civil. Fundamental es la consignación y es fundamental de igual modo la obligación de no vender.

Pero esto no quiere decir que el moderno método de enjuiciar no influya. Han transcurrido los años. Un sistema de procedimiento distinto se ha instaurado, y una de sus modalidades es la de la concesión de enmiendas a las·alegaciones que se inspira ·en el deseo de que los pleitos se tramiten con toda corrección y a la vez en el de asegurar a las partes el propio fallo que demande la justicia. Y a los efectos de la prescripción, la jurisprudencia se ha encargado de establecer que la demanda enmendada sustituye a la original, excepto en lo que se refiere a la presentación o iniciación del pleito para lo cual hay que atender a la demanda original. *Sucesión Chavier* v. *Sucesión Giraldez,* 15 D.P.R. 154, y casos citados en la opinión. Excepción hecha también del caso en que la enmienda introduzca una nueva o diferente causa de acción. (37 Corpus Juris 1074.) Y aquí la enmienda versó sobre algo substancial, es cierto, pero no introdujo una nueva o diferente causa de acción. Completó la propia acción desde un principio ejercitada.

Esta corte, como se ha dicho, desestimó la primitiva demanda. Al hacerlo así revocó la sentencia de la corte de distrito que la había declarado con lugar. Toda nuestra decisión se basó en la necesidad de cierta alegación que el demandante y la corte de distrito consideraron que no exigía la ley tal como estaba en vigor. Insistió en sus pretensiones el demandante y en último extremo suplicó que se le permitiera enmendar su demanda. Y esta corte sostuvo su criterio pero, oyendo a ambas partes, concluyó que en bien de la justicia debía ejercitar y ejercitó su discreción permitiendo la enmienda. Y así actuó usando de las facultades que la nueva ley procesal le confiere y a la vez haciendo que la ley antigua, de la cual emanaba en parte el derecho del demandante, se cumpliera en lo que de sustantivo y esencial tenía.

No cabe, pues, la excepción de prescripción.   La demanda enmendada tal como lo fué finalmente, completa, arranca no del 18 de julio de 1925, sino del 14 de agosto de 1922 en que se archivó la primitiva.

Insiste la apelante en que la prescripción procede porque de todos modos la demanda enmendada se presentó después de transcurridos nueve días de concedido el permiso para enmendar.   En la resolución de esta corte no se fijó término alguno.   La resolución se dictó el 24 de julio y se comunicó el 28, y el archivo de la demanda el 18 de agosto siguiente si bien no habla mucho en favor de la diligencia del demandante, no puede concluirse que no lo fuera dentro de un plazo razonable.   El término de nueve días, fundamental también para el ejercicio de la acción de retracto, según el artículo 1616 de la Ley de Enjuiciamiento Civil antigua, del Código Civil y de la jurisprudencia, se refiere a la demanda primitiva y aquí por una ficción legal la demanda archivada el 18 de julio de 1925 se considera que lo fué el 14 de agosto de 1922 y para esa fecha no había transcurrido el término de nueve días que marca la ley.

[3] Una gran parte del alegato de la apelante está dedicada a impugnar el pronunciamiento sobre costas que contiene la sentencia recurrida.

Cuando esta corte revocó la sentencia favorable al demandante y desestimó la demanda, concediendo de tal modo la razón a la demandada, lo hizo sin especial condenación de costas.

Es cierto que ahora confirmamos la sentencia y decidimos que no tuvo razón la demandada al seguir oponiéndose, pero para llegar a esa conclusión nos hemos visto obligados a un detenido estudio.   Se trata de cuestiones nuevas.   Y si bien se observa una gran tenacidad por parte de la demandada, esa tenacidad no es de tal naturaleza que pueda considerarse temeraria.

Todos los intereses bien considerados, entendemos que

la corte de distrito fué más lejos de lo que debió al imponer las costas a la parte demandada.

*En tal virtud la sentencia apelada debe ser confirmada* excepto en cuanto a su pronunciamiento sobre costas que debe *revocarse* y sustituirse por el siguiente: "sin especial condenación de costas."