MARTÍNEZ, TERCERISTA Y APELANTE, *v.* MORA ET AL., DEMANDADOS Y APELADOS.

No. 2963.—*Visto:* Junio 28, 1923. *Resuelto:* Mayo 9, 1924.

PROCEDIMIENTO EJECUTIVO—HIPOTECA DE CONDOMINIO INDIVISO—CAUSA DE ACCIÓN DEL ACREEDOR HIPOTECARIO DE CONDOMINIO INDIVISO—DIVISIÓN DE FINCA—INDIVISIBILIDAD DE LA HIPOTECA.—El acreedor de una hipoteca constituida por el comunero A sobre su condominio indiviso en varias fincas que luego agruparon y se adjudicaron los dos condueños A y B, no puede, al ejecutar su crédito, comprender la porción de la finca adjudicada a B, por impedírselo el artículo 406 del Código Civil según quedó enmendado por la Ley Núm. 15 de 1916, el cual, al declarar que los condominios pueden hipotecarse, establece que el efecto de tal hipoteca con relación a los condueños estará limitada a la porción que se adjudique en la división al cesar la comunidad.

SENTENCIA de *A. Acosta,* J. (Mayagüez) declarando sin lugar la demanda con costas. *Revocada con las costas al demandado.*

*J. Alemañy Sosa,* abogado del apelante; *J. Sabater,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Don Luis Vilella y don Jesús María Rodríguez eran dueños en común proindiviso de cuatro fincas rústicas inscritas en el registro de la propiedad. En tal estado de comunidad, don Jesús María Rodríguez hipotecó sus condominios en esas fincas a favor de don José Mora y Pol, cuya hipoteca también fué inscrita. Posteriormente los condueños Vilella y Rodríguez otorgaron una escritura en la que agruparon esas cuatro fincas formando con ellas una sola que por el mismo documento dividieron entre sí y se adjudicaron determinada porción de ella para cada uno de los condueños, todo lo que se hizo constar en el registro de la propiedad. La porción determinada que correspondió al Sr. Vilella éste la vendió a don Arsenio Martínez.

Establecido después por don José Mora Pol procedimiento ejecutivo hipotecario contra Rodríguez para el cobro de su crédito hipotecario hizo que ese procedimiento fuera notificado a don Arsenio Martínez, alegando que la finca por éste comprada está afecta a la hipoteca que ejecuta por haberse verificado la agrupación y segregación después de estar inscrita la hipoteca.

Interpuso don Arsenio Martínez demanda de tercería contra Mora y contra Rodríguez para que se declare que la porción segregada que compró a Vilella no está afecta a la expresada hipoteca ni a la ejecución para su cobro y habiéndole sido contraria la sentencia interpuso este recurso de apelación en el que no han comparecido los demandados.

El fundamento que tuvo la corte inferior para declarar sin lugar la demanda fué que si bien cualquier condueño puede hipotecar su participación proindiviso en una finca, sin embargo, toda la finca responde de la hipoteca por ser ésta indivisible y por sujetar directamente los bienes sobre los cuales se constituye, cualquiera que sea su poseedor, al cumplimiento de la obligación para cuya seguridad se cons-

tituye, citando los artículos 105, 122 y 123 de la Ley Hipotecaria y el 1777 del Código Civil.

Esos principios son aplicables a las hipotecas constituídas sobre la totalidad de la finca pero no al caso presente en que sólo fué hipotecado el condominio indiviso que en ellas tenía Rodríguez. La totalidad de la finca no fué dada en hipoteca sino un condominio proindiviso y por esto toda la finca no responde de la hipoteca sino el condominio o parte indivisa que fué hipotecado.

Cuando se trata de hipotecas sobre condominios la regla aplicable es la consignada en el artículo 406 del Código Civil, según quedó enmendado por la ley núm. 15 de 1916 (p. 48), que al declarar que los condominios pueden hipotecarse establece que el efecto de tal hipoteca con relación a los condueños estará limitado a la porción que se adjudique en la división al cesar la comunidad. Con respecto a este particular el Sr. Manresa en el tomo tercero de sus comentarios al Código Civil español dice en la página 490 lo siguiente:

"Después de haber consignado el Código Civil el indiscutible derecho de todos y cada uno de los condueños a enajenar, ceder o hipotecar y aun sustituir otra persona en el aprovechamiento de la cosa común, sin otra limitación que la necesaria impuesta por la naturaleza misma de la propiedad cuando se trate de los llamados derechos personales, establece la segunda parte del presente artículo como principio terminante que los efectos de tales actos permitidos al copropietario quedan circunscritos a la porción que a él se adjudique el día en que cese la comunidad por la división de los bienes o derechos. La doctrina es tan clara y la jurisprudencia del Tribunal Supremo en la materia tan explícita (V. sents. de 13 de octubre, 1866, 18 de noviembre de 1879, 29 de diciembre de 1905, 5 de julio de 1907, etc.), que se hace innecesaria toda explicación."
Y en otra página, la 521, dice así: "es cierto que cada comunero podrá mientras subsista la indivisión, donar, enaje-

nar, permutar y aún *hipotecar su cuota indivisa,* y que los acreedores podrán hacerla embargar y vender sin esperar a que sea un hecho la división; pero no lo es menos que, limitados los efectos de tales créditos a la porción que al deudor se adjudique al cesar la comunidad, porción hasta entonces abstracta, realmente ideal, y por ello indeterminada, la venta judicial, a un caso de hipoteca, no lo estará de este o aquel mueble e inmueble sino de la cuota que representa la participación del deudor en el todo de lo común o indiviso, porque, como acertadamente dice el código portugués (artículo 2177), 'el copropietario, mientras la cosa permanece indivisa, no puede disponer *determinadamente* de una parte del objeto común sin que de modo previo le haya sido consignado en la participación.' Nuestra jurisprudencia así lo ha establecido expresamente (V. sents. del Tribunal Supremo de 13 de octubre de 1866 y 18 de noviembre de 1879).'' Y más adelante, en la página 530, dice así: ''Ahora bien: la teoría general de lo indivisible de la hipoteca ha de subordinarse a lo dispuesto en el último apartado del artículo 399 del Código Civil. De modo, que en el supuesto de que el gravamen hipotecario deba su origen a una obligación privativa del condómino contraída por éste durante el proindiviso, la hipoteca queda, en cuanto a sus efectos jurídicos, limitada, como dijimos al estudiar aquel artículo, a la porción que corresponda al obligado al disolverse la comunidad.''

En vista de lo expuesto y de que la división de la comunidad fué hecha por los condueños, sin que en ella fuera necesaria la intervención del acreedor, la porción adjudicada al deudor Rodríguez es la única responsable de la hipoteca salvo el caso de que en la división haya mediado fraude, pues entonces tendrá el acreedor acción para obtener la nulidad de la división.

Por las razones expuestas *la sentencia apelada debe ser revocada* y en su lugar dictada otra declarando que la parte adjudicada a Vilella en la división de la comunidad y que

fué comprada por el tercerista Martínez no responde de la hipoteca constituída por Rodríguez sobre su condominio indiviso a favor del demandado Mora, con las costas al demandado Mora.