Angel Martínez González, et al., demandantes y apelantes, *v.* Luis Pirallo Castellanos, demandado y apelado.

Núm. 8529.—*Sometido:* Noviembre 2, 1942. *Resuelto:* Noviembre 24, 1942.

*José Sabater,* abogado de los apelantes; *Oscar Castro Rivera* y *E. Báez García,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

Ésta es una moción para que desestimemos por frívolo un recurso de apelación para ante este tribunal de una sentencia de la corte de distrito desestimando una demanda de retracto legal de cierta propiedad inmueble.

Cinco hermanas y el padre de éstas poseían en partes iguales la propiedad en cuestión en común pro indiviso. Tres de las hermanas habían cogido dinero prestado al apelado. En garantía de dichos préstamos cuatro de las hermanas habían otorgado a favor del apelado hipotecas sobre el interés de cada una de ellas en la propiedad. Una de estas hermanas no recibió parte alguna del dinero tomado a préstamo. Posteriormente, cada una de las tres hermanas que habían recibido el dinero tomado a préstamo del apelado vendió a éste por la cantidad de $2,000 su respectivo interés sobre la propiedad. Los precios de compra fueron satisfechos mediante la cancelación de las hipotecas que garantizaban los préstamos anteriores, ascendentes a $4,911.51, y mediante el pago en efectivo a las referidas tres hermanas de la cantidad de $1,088.49. Cada una de ellas recibió una cantidad que, al ser sumada a la cantidad recibida anteriormente por ella en calidad de préstamo, ascendía a $2,000 para cada hermana.

Más tarde, las otras dos hermanas y el padre de éstas, los apelantes en este caso, radicaron el presente recurso de retracto legal de conformidad con las secciones 1411, 1412, 1414 y 1407 del Código Civil (ed. 1930). El artículo 1616 de la Ley de Enjuiciamiento Civil para las Islas de Cuba y Puerto Rico, que aún está en vigor en esta jurisdicción (*González v. Acha et al.,* 21 D.P.R. 134), dispone entre otras cosas que, para un condómino poder ejercitar una acción de retracto legal, "se consignará el precio si era conocido, y si no lo fuere, que se dé fianza de consignarlo luego que lo sea." Los apelantes alegan que ellos han consignado el pre-

cio de compra al (*a*) consignar en la corte $1,088.49 en efectivo, y al (*b*) ofrecer en su demanda hacerse responsables por el pago de las hipotecas otorgadas a favor del apelado para garantizar los referidos préstamos. La corte de distrito declaró con lugar la moción del apelado para que se desestimara la demanda por el fundamento de que los apelantes no habían cumplido con el artículo 1616.

Indudablemente la corte inferior estuvo correcta en su decisión. Habiéndose cancelado las hipotecas y pagado las deudas garantizadas por ellas, una oferta de asumirse responsabilidad para con ellas no podía como cuestión de derecho revivir estas hipotecas. Es inmaterial que una de las apelantes, aunque no recibió ninguna parte del dinero prestado, se uniera en el otorgamiento de una de estas hipotecas canceladas, vencida hacía tiempo. De ningún modo podía ella ser perjudicada al cancelarse la misma.

█ Las apelantes arguyen que una hipoteca otorgada por una persona que posee un interés en común pro indiviso sobre una propiedad, grava la propiedad en su totalidad. No podemos ver cómo este argumento, aún si fuera cierto, ayuda a las apelantes. De cualquier modo, no representa una exposición correcta de la ley. Una hipoteca otorgada por uno de varios dueños que poseen una propiedad en común pro indiviso, grava solamente el interés individual del hipotecante en ella. *Martínez* v. *Mora,* 33 D.P.R. 149. Un comprador en la venta de ejecución para hacer efectiva tal hipoteca se subrogaría en el interés del condómino, incluyendo su derecho de partición. Artículos 333 y 334, Código Civil de Puerto Rico (ed. 1930). *Cf. Benítez* v. *Bank of Nova Scotia,* 110 F. (2) 169, 172.

Parece claro que el precio de compra en este caso era $6,000, el cual las apelantes estaban obligadas a consignar para poder hacer efectivo su derecho de retracto legal. Pero aún asumiendo que el precio de compra fuera desconocido, el artículo 1616 exigiría la prestación de una fianza para

asegurar el pago ulterior del mismo. Las apelantes tampoco hicieron esto.

*La moción para que se desestime el recurso por frívolo será declarada con lugar.*