González, Demandante y Apelado, *v.* Ortiz, Demandado y Apelante.

Apelación procedente de la Corte de Distrito de Humacao en pleito sobre retracto legal.

No. 2168.—Resuelto en julio 23, 1920.

Retracto de Colindantes—Finca Rústica.—Si una parcela de terreno se usa principalmente para fines agrícolas y no está en los límites de un verdadero distrito urbano, dicha parcela no pierde el carácter de propiedad rústica meramente porque se haya construído sobre su superficie una vía férrea para transporte de piedra; y no estando el demandado en este caso comprendido en el segundo párrafo del artículo 1426 del Código Civil, no puede resistir el retracto de dicha parcela, cuya cabida no excede de una hectárea, ejercitado por un colindante, aun cuando, como alega, la finca le hubiera sido vendida para que pudiera seguir en su negocio de transporte de piedra.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. C. Travecier.*

Abogado del apelado: *Sr. A. Aponte, Jr.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

No existe disputa alguna en cuanto a los hechos de este caso. Era una acción de retracto de una parcela de terreno adyacente a la finca del demandante. El artículo 1426 del Código Civil prescribe lo siguiente:

"Artículo 1426.—También tendrán el derecho de retracto los propietarios de las tierras colindantes cuando se trata de la venta de una finca rústica cuya cabida no exceda de una hectárea.

"El derecho a que se refiere el párrafo anterior no es aplicable a las tierras colindantes que estuvieran separadas por arroyo, asequías, barrancos, caminos y otras servidumbres aparentes en provecho de otras fincas.

"Si dos o más colindantes usan el retracto al mismo tiempo será preferido el que de ellos sea dueño de la tierra colindante de menor cabida y si las dos la tuvieren igual el que primero lo solicite."

La faja de terreno en cuestión adyacente a la finca del demandante tiene un área que no excede de una hectárea y fué vendida al demandado dentro de los 9 días anteriores a la radicación de la demanda. La primera cuestión es si debe o no ser considerada la referida faja de terreno como una finca rústica. La finca del demandante se describe como sigue:

"Predio en el barrio de Santiago y Lima del término municipal de Naguabo, compuesto de 20 cuerdas, en lindes por el Norte con tierras de don Fernando González; por el Este con Alejandro Dávila; por el Sur con don Vicente Serra, y por el Oeste con la carretera de Naguabo a Fajardo. Esta finca se halla dividida de Este a Oeste por una parcela de terreno que la atraviesa de un lado a otro y que luego será objeto de especial mención."

Y la del demandado se describe como sigue:

"Rústica, predio de terreno en el barrio de Santiago y Lima, compuesto de 2 cuerdas de terreno, equivalentes a 78 áreas y 60 centiáreas, en lindes por el Este con el citado Alejandro Dávila; por el Oeste con la carretera que de Naguabo conduce a Fajardo y por el Norte y Sur con la finca principal de donde se segregó o sea la del demandante en este caso."

No existe discusión alguna de que la finca del demandante es enteramente rústica, dedicada a fines agrícolas y distante del pueblo de Naguabo y se ha admitido que la faja de terreno del demandado podía ser usada y se usa para los mismos fines, estando también situada fuera de las demarcaciones del pueblo. La finca del demandado, sin embargo, se comunicaba con una cantera y en dicha propiedad se había establecido una vía férrea desde hace algunos años para transportar piedra triturada de dicha cantera a la carretera. El dueño inmediatamente anterior al demandado construyó dicha vía férrea con el fin de proporcionarse una salida de su cantera a la carretera. No existe cuestión alguna de que este demandado necesita el terreno para usarlo como camino a otra finca poseída por él. Fué simplemente vendido a él sin reserva por el anterior dueño. El demandado apelante,

sin embargo, sí sostiene que con la construcción de la vía férrea en la faja de terreno se convertía ésta de propiedad rústica en industrial. La corte inferior después de referir los hechos anteriores declaró que la única división que hace el Código Civil al hablar de fincas, es la de propiedad urbana y rústica. Estamos de acuerdo con esta conclusión. Es claro que la faja de terreno del demandado puede usarse y se está usando para fines agrícolas en casi la misma forma que la propiedad del demandante. No es en manera alguna una propiedad urbana. Aunque dicha finca fué vendida al demandado para que pudiera seguir en su negocio de piedra, el convenio entre el anterior dueño y el demandado no puede afectar al derecho legal que tiene el demandante de acuerdo con el artículo 1426. El apelante hace también cita de varias decisiones de la Corte Suprema de España. Una de estas decisiones se cita como de fecha julio 18, 1903, pero no la encontramos en la Jurisprudencia Civil de esa fecha. La sentencia citada de 26 de noviembre de 1895 no la encontramos en la biblioteca, pero hemos examinado la decisión de marzo 12 de 1902. De ella aparece que la finca en ese caso se encontraba claramente comprendida en una zona urbana muy poblada de acuerdo con la sentencia y el hecho de que fuera dedicada a fines agrícolas o para una huerta no establecía diferencia. No hemos visto el caso, en el cual, como ha alegado el apelante, la Corte Suprema de España resolviera que una parcela de terreno distante de un pueblo y dedicada a la venta de aguas minerales pierde su rusticidad, pero estamos satisfechos con la decisión que hemos podido examinar de que si una parcela de terreno como en este caso, se usa principalmente para fines agrícolas y no está en los límites de un verdadero distrito urbano, dicha parcela no pierde el referido carácter de propiedad rústica meramente porque se haya establecido en ella una vía de ferrocarril para fines comerciales.

El apelante también sostiene que por razón de su contrato con el anterior dueño y debido a la existencia de una vía

.férrea él ha adquirido ciertos derechos. No está él comprendido dentro del párrafo segundo del artículo 1426 porque la referida faja de terreno no esté separada por un arroyo, asequía o servidumbre en provecho de otra finca. El demandado en manera alguna es el dueño de un predio dominante y no puede reclamar una servidumbre sobre el terreno en oposición al demandante, aun cuando tal cuestión pudiera propiamente levantarse en una acción de retracto legal.

La sentencia debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.