López Vilanova, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
En el presente recurso de apelación examinamos el alcance del concepto finca rústica a los fines de determinar si procede o no una acción de retracto de colindantes.
I
El 12 de abril de 1994, José Travesier Rosado, su esposa Carmen H. Negrón Torres y la Sociedad Legal de Gananciales compuesta por ambos, presentaron demanda de retracto de colindantes contra José Rosado Medina, Nilsa Ivette Rosado Martínez, su esposo Francisco Bibiloni Colón y la Sociedad Legal de Gananciales compuesta por ambos; María Milagros Rosado Martínez, su esposo Roberto Vargas y la Sociedad Legal de Gananciales compuesta por ambos. Los co-demandados Nilsa Ivette Rosado Martínez, Francisco Bibiloni Colón y María Milagros Rosado Martínez contestaron oportunamente la demanda y presentaron reconvención.
Este caso se origina cuando el co-demandado José Rosado Medina estaba en el proceso de vender la propiedad objeto de litigio a los co-demandados Nilsa Ivette Rosado Martínez, Francisco Bibiloni Colón y María Milagros Rosado Martínez. La compraventa se perfeccionó el 26 de abril de 1994, mediante la otorgación de escritura pública ante el notario Juan Rosa Marcano. El co-demandado José *1057 Travesier Rosado, quien es dueño de un predio de terreno que colinda con la propiedad en controversia, quiso ejercer su derecho al retracto de colindantes.
Luego de varios incidentes procesales, descubrimiento de prueba y la consignación de la cantidad pagada por los co-demandados en concepto de la compraventa del terreno, se señaló la vista del juicio en su fondo. Las partes sometieron el caso por la pmeba documental por ellos estipulada. El Tribunal de Primera Instancia, Sala Superior de Humacao, resolvió, mediante sentencia enmendada del 25 de enero de 1996, que no procedía la acción de retracto de colindantes porque no se cumplió con uno de los cinco requisitos que exige la ley para ejercitar esta acción. El requisito incumplido fue que la propiedad objeto del litigio no era de una finca rústica.
Inconformes con el dictamen los allí demandantes acuden ante nos. Como único señalamiento de error plantean que erró el foro de instancia al determinar que la finca objeto de la venta no era de naturaleza rústica.
II
El retracto legal es el derecho de subrogarse, con las mismas condiciones estipuladas en el contrato, en lugar del que adquiere una cosa por compra o dación en pago. Art. 1411 del Código Civil, 31 L.P.R.A. see. 3921.
Nuestro Código Civil en su artículo 1413, 31 L.P.R.A. see. 3923, establece que el derecho de retracto estará disponible para los propietarios de las tierras colindantes cuando se trate de una venta de finca rústica cuya cabida no exceda de una hectárea. Se dispone, además, que las fincas colindantes no podrán estar separadas por arroyos, acequias, barrancos, caminos y otras servidumbres aparentes en provecho de otras fincas.
Requiere, además, que para poder interponer una demanda de retracto el retrayente tendrá que consignar el precio que originó la retroacción. Art. 1407, 31 L.P.R.A. sec. 3912.
El Código Civil no define el alcance del concepto "finco, rústica". Para ello es necesario recurrir a la jurisprudencia del Tribunal Supremo de Puerto Rico y a la doctrina jurídica esbozada por los tratadistas y comentaristas del Derecho.
Nuestro Tribunal Supremo ha dejado establecido que es más bien la naturaleza predominante a que se dedica la finca lo que determina su condición. Quiñones v. Alcaide, 72 D.P.R. 718 (1951). Anteriormente, nuestro más alto foro había establecido que una parcela de terreno, usada principalmente para fines agrícolas, no perdía su naturaleza rústica por haberse establecido en ella una vía de ferrocarril para fines comerciales. González v. Ortiz, 28 D.P.R. 797 (1920).
En Quiñones v. Alcaide, supra, el Tribunal Supremo citando a Scaevola resolvió que "es elemental que por predios rústicos entendemos los sitios fuera del poblado, cuyo fin primordial, aunque estén baldíos, sea el cultivo o la ganadería" y que "por predios urbanos las edificaciones sitas en poblado y dedicadas primordialmente a vivienda o morada del hombre."
Castán Tobeñas expresa, cuando habla sobre los requisitos de la acción del retracto de colindantes, que ambas fincas deben ser de naturaleza rústica, entendiéndose que lo son las tierras destinadas a la explotación agrícola —aunque esté abandonada— o forestal, pero no las casas o construcciones ni las huertas o jardines ajenos a edificios sitos dentro de poblado o inmediatos a población.
Manresa nos dice, refiriéndose a la finalidad del retracto de colindantes, que "[l]imitado dicho derecho a las fincas rústicas, cuya cabida no exceda de una hectárea, es visto que el espíritu del Código no es otro que favorecer el desarrollo de la propiedad territorial y de los intereses de la agricultura."
La posición de Manresa concurre con la de Castán, en el sentido de que ambas fincas deben ser de naturaleza rústica, cuando el primero expresa que es indispensable "que ambas fincas sean de naturaleza rústica, tanto la que se retrae como aquella otra por virtud de la cual corresponde el *1058 derecho al que lo ejercita". Manresa entiende que el Código habla expresamente de la finca que se retrae y, respecto de la otra que origina el derecho, lo da a entender claramente al emplear la frase "propietario de tierras colindantes". 
Sobre los criterios para determinar la rusticidad de la finca, Manresa concluye que, a la luz de la doctrina española, el predio rústico se distingue fundamentalmente del urbano por las siguientes características:

"(a) por su situación o emplazamiento en el campo o la población,

(b) por el aprovechamiento o destino - explotación agrícola, pecuaria o forestal frente a vivienda, industria o comercio,

(c) por la preponderancia de estos dos elementos, si ambos concurren en un mismo predio o por la relación de dependencia que entre ellos exista como principal el uno y accesorio el otro." 
Puig Brutau, siguiendo esa línea de pensamiento, establece cuatro criterios para resolver si una finca es o no rústica, a saber:

"(a) Situación o lugar donde radique la finca. La regla general es que, a efectos del retracto de colindantes no puede ser considerada finca rústica la situada dentro del casco de una población.

(b) Criterio fundado en el hecho de que el terreno esté edificado o sin edificar. En términos generales es igualmente cierto que las fincas rústicas son las que no están edificadas y que en cambio lo están las urbanas. Pero esta regla ha de combinarse con las de accesoriedad, la situación y el destino.

(c) Criterio fundado en el uso o destino a que se halle destinada la finca. Si el destino es la explotación agrícola es una finca de naturaleza rústica; si se va a utilizar para enajenar parcelas para edificios es urbana.

(d) Criterio de la accesoriedad. Este criterio puede intervenir en la calificación de una finca como rústica o urbana en un doble sentido: cuando se trate de dos fincas situadas en relación de dependencia, de manera que una de ellas aparezca subordinada a la otra, y cuando en una misma finca existan elementos que de ordinario se dan separados, como rasgos propios de las fincas rústicas o de las urbanas, de manera que uno de ellos ha de ser considerado principal y los otros accesorios."
III
Teniendo presente este cuerpo de Derecho tan claro, que apunta a definir la rusticidad de una finca en función de los usos que se le dan a la propiedad, es forzoso concluir que no tienen razón los demandantes-apelantes. Veamos porqué.

"En primer lugar, es incorrecto decir que por el hecho de que la finca principal de la cual se segregó la que está en controversia, hubiera sido inscrita como rústica, el predio segregado también tiene que ser rústico. Hemos visto que la definición de "rústico" atiende a los usos de la propiedad.

En segundo lugar, los apelantes nunca dejaron establecido que fueran a dedicar el predio a retraerse a la explotación agrícola, pecuaria o forestal.

En tercer lugar, el predio propiedad del co-demandante José Travesier Rosado, que da derecho a pedir el retracto de colindante, no es un predio rústico. Surge de la prueba (del récord) que en ese predio enclavaba un establecimiento comercial propiedad de los demandantes.

En cuarto lugar, la finca en cuestión consta en la escritura de compraventa como de naturaleza urbana, al igual que en el informe de ARPE, número 83-50-HPL-236, aprobando el plano de inscripción para la lotificación de la finca principal.

En quinto lugar, resulta extremadamente difícil pensar que a este predio se le vaya a dar un uso 
*1059
agrícola, considerando que alrededor de este predio existen varias edificaciones de vivienda y establecimientos comerciales. El uso agrícola necesario para calificar esa finca como rústica no puede darse en un ambiente tan poblado y donde no hay fincas aledañas dedicadas a la agricultura. .

Por último, el hecho de que la finca no esté enclavada en el mismo casco urbano, en el mismo pueblo, no hace de esta finca una rústica. Hoy, con los cambios sociales, demográficos y las transformaciones notables de la actividad tecnológica, el comercio y otras actividades no concurren necesariamente con el casco urbano de los pueblos. De allí que se denomine a ese comercio del centro del pueblo como el "comercio tradicional". Las nuevas vías de transportación traen consigo la presencia de proyectos residenciales y comerciales en sus alrededores. El progreso lleva el urbanismo al área de la ruralía. La población y la industria se han ido desplazado paulatinamente a áreas que antes sí fueron agrícolas. Es así como la evolución de la sociedad cambia los conceptos de urbano y rural "

La concurrencia de todos estos elementos hacen que la finca en controversia se clasifique como urbana. No incidió el foro de Instancia al así resolver.
IV
Por los fundamentos que anteceden se confirma la sentencia apelada.
Notifíquese.
Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 97DTA56
1. José Castán Tobeñas, Derecho Civil Español, Común y Foral, Tomo Cuarto, p. 180 (1993). En este apartado, Castán hace múltiples referencias a sentencias del Tribunal Supremo Español en apoyo a su posición.
2. José María Manresa y Navarro, Comentarios al Código Civil Español, Tomo X, Volumen I, p. 518 (1969).
3. Id., p. 519.
4. Id., p. 521.
5. José Puig Brutau, Fundamentos de Derecho Civil, Tomo III, Volumen III, p. 421 (1978).