EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Zulma Toro Valcárcel<br><br>    Peticionaria<br><br><br>         v.<br><br><br>Registradora de la Propiedad de Carolina, Sección Segunda de Carolina; Hon. Edna C. Bonnet Vázquez<br><br>    Recurrida | 2019 TSPR 48<br><br>201 DPR ____<br><br>Recurso gubernativo |

Número del Caso:  RG-2018-1


Fecha: 13 de marzo de 2019


Abogada de la parte peticionaria:

       Lcda. Livia M. Rosado Bermúdez


Abogada de la parte recurrida:

       Lcda. Edna C. Bonnet Vázquez
       Registradora de la Propiedad
       Sección Segunda Carolina


Materia: Resolución del Tribunal con Voto particular de conformidad (se incluye Resolución *nunc pro tunc*)


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Zulma Toro Valcárcel

    Peticionaria

       v.

Registradora de la Propiedad
de Carolina, Sección Segunda
de Carolina;
Hon. Edna C. Bonnet Vázquez

    Recurrida

RG-2018-0001    Recurso
Gubernativo

RESOLUCIÓN

En San Juan, Puerto Rico, a 13 de marzo de 2019.

Examinada la *Moción solicitando desestimación por incumplimiento con Artículo 245 y Regla 245.1 de la Ley 210 conocida como Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico del 8 de diciembre de 2015* presentada por la Registradora de la Propiedad, Lcda. Edna C. Bonnet Vázquez, así como la oportuna oposición de la señora Zulma Toro Valcárcel, se desestima el recurso gubernativo de epígrafe por falta de jurisdicción.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Colón Pérez emite un Voto Particular de Conformidad al cual se unen la Juez Asociada señora Rodríguez Rodríguez y los Jueces Asociados señores Martínez Torres y Rivera García. El Juez Asociado señor Kolthoff Caraballo no intervino.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Zulma Toro Valcárcel

    Peticionaria

        v.

Registradora de la Propiedad
de Carolina, Sección Segunda
de Carolina;
Hon. Edna C. Bonnet Vázquez

    Recurrida

RG-2018-0001    Recurso
                Gubernativo

Voto Particular de Conformidad emitido por el Juez Asociado SEÑOR COLÓN PÉREZ al que se unen la Juez Asociada SEÑORA RODRÍGUEZ RODRÍGUEZ y los Jueces Asociados SEÑORES MARTÍNEZ TORRES y RIVERA GARCÍA.

En San Juan, Puerto Rico a 13 de marzo de 2019.

Por entender que en el presente caso no se cumplieron con los requisitos de ley para la correcta notificación al Registrador de la Propiedad de la presentación de un recurso gubernativo ante este Tribunal, según dispuesto en la *Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico*, *infra*, estamos conformes con el curso de acción seguido por esta Curia en el día de hoy. Veamos.

I.

Los hechos medulares no están en controversia. El pasado **20 de agosto de 2018** la señora Zulma Toro Valcárcel, a través de su representante legal,

la Lcda. Livia M. Rosado Bermúdez, presentó ante este Tribunal el recurso gubernativo de epígrafe, para impugnar cierta denegatoria de recalificación efectuada por la Registradora de la Propiedad, Lcda. Edna C. Bonnet Vázquez (en adelante, "la Registradora"), y notificada el 31 de julio de 2018.

Presentado el referido recurso, el 24 de agosto de 2018 la Registradora compareció ante esta Curia mediante *Moción solicitando desestimación por incumplimiento con el Artículo 245 y Regla 245.1 de la Ley 210 conocida como Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico del 8 de diciembre de 2015.* En la misma, ésta nos solicitó que se desestimara el recurso presentado por la señora Toro Valcárcel, pues éste no le fue notificado conforme a lo dispuesto en la *Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico,* Ley Núm. 210-2015, *infra*. En específico, aduce la Registradora de la Propiedad que: **(1) el mismo se le notificó tardíamente, entiéndase el martes 21 de agosto de 2018 a las 2:01 p. m. y (2) al correo electrónico del empleado Armando J. Martínez Arce, no al suyo.**

Así las cosas, examinada la mencionada Moción, el 25 de enero de 2019 emitimos una *Resolución* en la que le concedimos a la señora Toro Valcárcel un término de veinte (20) días para que mostrara causa por la cual no se debía desestimar el recurso gubernativo en cuestión por falta de notificación

del mismo al Registrador de la Propiedad. Dicha *Resolución* fue oportunamente notificada.

En cumplimiento con lo ordenado, el 19 de febrero de 2019 la señora Toro Valcárcel presentó ante nos una *Moción para cumplir con la orden* en la que señaló que hay un desfase entre la Ley Núm. 210-2015 y el Reglamento del Tribunal Supremo sobre la notificación de un recurso gubernativo. Por un lado, la Ley Núm. 210-2015 requiere se notifique electrónicamente. Por otro lado, el Reglamento del Tribunal Supremo establece que la notificación de la presentación de un recurso gubernativo debe hacerse conforme a lo dispuesto por el Art. 77 de la ya derogada Ley Hipotecaria y del Registro de la Propiedad, Ley Núm. 198-1979, según enmendada, la cual requería se notificara al Registrador mediante correo certificado. No empece a ello, ésta alega haber notificado su recurso gubernativo de las dos maneras.

No obstante, una semana después de presentada la referida moción -- el 26 de febrero de 2019, para ser específicos --, la señora Toro Valcárcel compareció nuevamente por conducto de su representación legal mediante *Moción para aclarar.* **En dicho escrito, la Lcda. Rosado Bermudez señaló que al momento de notificar la moción en cumplimiento de orden se percató que por inadvertencia había notificado el recurso gubernativo a un correo electrónico incorrecto.**

Evaluados los planteamientos ante nuestra consideración, este Tribunal, de forma unánime, desestimó el presente recurso gubernativo por falta de jurisdicción, toda

vez que el mismo no se notificó conforme a derecho. Como ya adelantamos, estamos conformes con dicho proceder. Nos explicamos.

II.

A.

Sabido es que, la jurisdicción es la autoridad que tienen los tribunales para atender y decidir casos o controversias. *Ruiz Camilo v. Trafon Group,* 200 DPR 254, 268 (2018); *Cruz Parrilla v. Dpto. Vivienda*, 184 DPR 393, 403 (2012); *Shell v. Srio. de Hacienda,* 187 DPR 109, 122 (2012). **La falta de jurisdicción es insubsanable.** *Bco. Santander v. Corre García,* 196 DPR 452, 470 (2016); *Shell v. Srio. de Hacienda, supra*, pág. 122; *González v. Mayagüez Resort & Casino,* 176 DPR 848, 855 (2009).

De otra parte, y en lo relacionado al recurso gubernativo, en el pasado hemos sentenciado que el mismo procede para revisar aquella calificación de un Registrador que suspenda o deniegue la inscripción o anotación de un documento presentado para su registración. A esos efectos hemos indicado que "nuestra jurisdicción gubernativa se activa por recurso contra denegatoria o suspensión de la inscripción". *Housing Inv. Corp. v. Registrador*, 110 DPR 490, 502 (1980). Véase también, *CRIM v. Registradora*, 193 DPR 943 (2015).

Ahora bien, para que podamos asumir nuestra jurisdicción gubernativa el recurrente ante nosotros tiene que cumplir con las disposiciones legales y reglamentarias que ordenan cómo y cuándo se perfecciona el recurso. Así, si un recurso

gubernativo se presenta sin que se haya presentado un escrito de recalificación ante el Registrador, estamos impedidos de atenderlo por disposición de ley. Art. 244 de la Ley Núm. 210-2015, 30 LPRA sec. 6404. Véase, *Ramos v. Registrador* 72 DPR 721 (2007). Igualmente, si no se le notifica al Registrador el recurso presentado se nos priva de jurisdicción para considerarlo. Véase, de manera análoga, *Montañez Leduc v. Robinson Santana*, 198 DPR 543, 549-553 (2017); *Pérez Soto v. Cantera Pérez*, 188 DPR 98, 105 (2013); *S.L.G. Szendrey Ramos v. F. Castillo*, 169 DPR 873, 881-883 (2007)*.*

B.

Por otro lado, y en lo pertinente al asunto que nos ocupa, la *Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico,* Ley Núm. 210-2015, 30 LPRA sec. 6001 *et seq.*, en lo referente a la notificación de un recurso gubernativo, dispone lo siguiente:

> El notario, funcionario autorizado o el interesado, podrá radicar recurso gubernativo ante el Tribunal Supremo de Puerto Rico dentro del término improrrogable de veinte (20) días a partir de la notificación de la denegatoria, **y simultáneamente notificará al Registrador con copia del escrito. Si el recurso es radicado por el notario o funcionario autorizado, lo hará por la vía electrónica del sistema de informática registral. Dentro de este mismo término, el notario o funcionario autorizado que radique el recurso está obligado a entregar la copia certificada del documento que fue presentado, en su caso, por la vía electrónica y que es objeto del recurso**. De no cumplirse con este requisito, se entenderá que el notario o funcionario autorizado ha desistido y acepta como final la denegatoria de inscripción que le fue notificada. En dicho recurso no podrá incluir objeciones a la calificación del documento que no hubiese incluido al radicar el escrito de recalificación.

De no interponerse el recurso dentro del término concedido, quedará consentida la denegatoria para todos los efectos legales. Art. 245 de la Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico, 30 LPRA sec. 6405. (Énfasis suplido).

Cónsono con dicha disposición legal, el Art. 245.1 del *Reglamento General para la Ejecución de la Ley del Registro de la Propiedad Inmobiliaria*, Reglamento Núm. 8714 del Departamento de Estado, establece que "toda notificación y envío de la copia del recurso gubernativo se hará por medio de la vía electrónica del sistema de informática registral como documento complementario". Ahora bien, **"[h]asta tanto el sistema de informática registral provea para este procedimiento, una vez sometida la copia del recurso, el notario inmediatamente enviará un aviso de radicación de recurso gubernativo a la dirección de correo electrónico del Registrador que notificó el documento expresando los datos de presentación del documento notificado"**. *Íd.* (Énfasis suplido). La notificación del recurso deberá llevarse a cabo en o antes de las 12:00 a. m. del último día del término correspondiente. *Íd.*

Según dispone la Regla 236.3 del Reglamento Núm. 8714, "[b]ajo ningún concepto se podrá notificar acción registral alguna si no es por la vía electrónica". Este requerimiento evidentemente responde al espíritu y propósito de la Ley Núm. 210-2015, mediante la cual se procuró instituir en nuestra jurisdicción un sistema registral moderno "100% digitalizado y electrónico". Exposición de Motivos de la *Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de*

*Puerto Rico*, Ley Núm. 210-2015 (2015 (Parte 2) Leyes de Puerto Rico 1887-1896). Así, el nuevo ordenamiento registral inmobiliario prescinde del uso del papel e incorpora el uso de plataformas electrónicas como una herramienta eficaz y confiable para la radicación y notificación de documentos. Cualquier transacción ante el Registro de la Propiedad deberá cumplir cabalmente con las disposiciones legales y reglamentarias vigentes que han sustituido el uso del papel por plataformas electrónicas. Por tal razón, todo abogado o abogada que comparezca ante el Registro deberá notificar sus escritos por la vía electrónica dentro del término que la ley disponga para ello.

No obstante, el Reglamento del Tribunal Supremo -- que al presente no contempla las enmiendas realizadas a la ley -- establece que la parte que presente un recurso gubernativo "notificará el escrito al Registrador recurrido o a la Registradora recurrida en la forma que dispone el Artículo 77 de la Ley Núm. 198 de 8 de agosto de 1979, conocida como la Ley Hipotecaria y del Registro de la Propiedad, 30 L.P.R.A. sec. 2280, su Reglamento, 30 R. & R.P.R. Sec. 2003-89.1, o ambos". Regla 27(g) del Tribunal Supremo de Puerto Rico, 4 LPRA Ap. XXI-B, R. 27(g). Es decir, "simultáneamente por correo certificado". Art. 77 de la Ley Núm. 198-1979, 30 LPRA sec. 2280 (derogada).

Es, pues, a la luz de la normativa antes expuesta que procedemos a disponer de las controversias ante nuestra consideración.

III.

En primer lugar, y como cuestión de umbral, es menester recordar que, en escenarios como éstos, es principio de hermenéutica que "ningún reglamento puede infringir las claras disposiciones de un estatuto". *Chabrán v. Bull Insular Line, Inc.*, 69 DPR 269, 274 (1948). Consecuentemente, derogada la Ley Núm. 198-1979 la presentación y notificación del recurso gubernativo debe llevarse a cabo conforme a las exigencias de la Ley Núm. 210-2015, *supra*.

Así pues, y de conformidad con la normativa antes expuesta, notificada la denegatoria de la recalificación el 31 de julio de 2018, la señora Toro Valcárcel debió haber presentado su recurso gubernativo ante este Tribunal, y notificar el mismo a la Registradora de la Propiedad, en o antes del 20 de agosto de 2018. Ésta no lo hizo así.

La señora Toro Valcárcel presentó el referido recurso dentro del término establecido en ley, entiéndase el 20 de agosto de 2018. **No obstante, lo notificó el 21 de agosto de 2018, a las 2:01 p. m.; es decir, fuera del término que tenía para ello.**

**Asimismo, el referido recurso fue enviado a un correo electrónico distinto al de la Registradora, cuando debió ser enviado al correo electrónico de ésta.** Al así hacerlo, la señora Toro Valcárcel tampoco cumplió con los requisitos de notificación dispuestos en la normativa antes reseñada.

Siendo ello así, el recurso gubernativo ante nos fue notificado tardía e incorrectamente, por lo que procedía -- como correctamente lo decide este Tribunal -- declarar *ha lugar* la moción de desestimación presentada por la

Registradora y, por consiguiente, desestimar el recurso gubernativo por falta de jurisdicción.

IV.

Es pues, por los fundamentos antes expuestos, que estamos conformes con lo hoy decidido por este Tribunal.


Ángel Colón Pérez
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Zulma Toro Valcárcel

    Peticionaria

        v.

Registradora de la Propiedad
de Carolina, Sección Segunda
de Carolina;
Hon. Edna C. Bonnet Vázquez

    Recurrida

Núm. RG-2018-001  Recurso
Gubernativo

RESOLUCIÓN
*NUNC PRO TUNC*

En San Juan, Puerto Rico, a 14 de marzo de 2019.

Se enmienda *nunc pro tunc* nuestro Voto Particular de Conformidad del 13 de marzo de 2019 al único fin de enmendar la citación incluida en el primer párrafo de la página cinco (5) para que lean como sigue:

> Véase, de manera análoga, *Montañez Leduc v. Robinson Santana*, 198 DPR 543, 549-553 (2017); *Pérez Soto v. Cantera Pérez*, 188 DPR 98, 105 (2013); *S.L.G. Szendrey Ramos v. F. Castillo*, 169 DPR 873, 881-883 (2007).

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo